UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:20-cv-6893-RSWL (MAR)                                      Date:  September 30, 2021

Title:   *Yakina M. Spearman v. Nancy A. Berryhill*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Bustos | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO FOLLOW COURT ORDERS**

**I.
BACKGROUND**

On July 31, 2020, Yakina M. Spearman ("Plaintiff"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 405 seeking review of a decision by the Commissioner of Social Security to deny benefits.  ECF Docket No. ("Dkt.") 1.  On May 5, 2021, the Court issued an Order Granting Defendant's Ex Parte Application to Modify Case Management Order.  Dkt. 19.  The Order stated: "Plaintiff shall file a motion for summary judgment within 65 days (July 9, 2021)."  Id. at 1–2.

On July 1, 2021, the Court received an unclear letter from Plaintiff's mother, and on July 23, 2021, the Court issued a Notice of Document Discrepancies based on Local Rule 83-2.5 (no letters to judge) and Local Rule 83-2.2.1 (representation may not be delegated to relative).  Dkt. 22.  Also on July 23, 2021, this Court issue an Order Re: Motion for Summary Judgment instructing Plaintiff to file her Motion for Summary Judgment by August 13, 2021.  Dkt. 23.

On August 27, 2021, Plaintiff filed what appeared to be the same filing from July 1, 2021, except without the introductory letter from Plaintiff's mother.  Dkt. 24.  Again, the Court issued a Notice of Document Discrepancies based on Local Rule 56-1 (no proposed judgment) and because it was not clear what relief Plaintiff sought with the filing.  Id.

On September 22, 2021, Plaintiff again filed a similar document to the July 1, 2021 and August 27, 2021 documents, except that portions of the docket were attached.  Dkt. 25.  Again, the filing is unclear as to what relief Plaintiff seeks.  However, the filing does not appear to be a Motion for Summary Judgment.

///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:20-cv-6893-RSWL (MAR)                                         Date:  September 30, 2021

Title:   *Yakina M. Spearman v. Nancy A. Berryhill*

## II.
## DISCUSSION

**A.   MOTION FOR SUMMARY JUDGMENT**

    **1.   Applicable law**

The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee note to 1963 amendment). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are facts that may affect the outcome of the case. Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

    **2.   Analysis**

Here, Plaintiff's September 22, 2021 filing does not comply with the Court's July 23, 2021 Order Re: Motion for Summary Judgment instructing Plaintiff to file her Motion for Summary Judgment. The filing contains none of the components of a Motion for Summary Judgment.

For example, the moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. However, here, the Motion section is three (3) unclear sentences, none of which reference specific evidence from the record or make any colorable argument. Dkt. 25 at 2.

Furthermore, while an affidavit or declaration may be used to support or oppose a motion for summary judgment, provided it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4), here Plaintiff appears to attach or cite no evidence besides her own personal assertions. The attached exhibits are merely printouts of items already on the docket with no explanation. Id. at 3–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:20-cv-6893-RSWL (MAR)                                          Date:  September 30, 2021

Title:   *Yakina M. Spearman v. Nancy A. Berryhill*

Even liberally construed, Plaintiff's filing cannot be treated as a Motion for Summary Judgment.  Without a Motion that outlines arguments and their evidentiary support, Defendant cannot effectively respond nor can this Court rule on Plaintiff's claims.

## III.
## ORDER

Plaintiff is ordered to file her motion **within twenty-one (21) days** of this Order, by **Monday**, **October 25, 2021.**  In structuring her Motion for Summary Judgment, Plaintiff should refer to the Court's original April 29, 2021 Case Management Order.[1]

---

[1] Plaintiff should omit the sections of the Joint Statement format that Defendant will provide.  Accordingly, Plaintiff's Motion should include:

**a. Summary of the Case**
Plaintiff shall provide a brief summary of the background facts and procedural history.

…
**b. Medical Evidence**
Plaintiff shall state whether Plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, Plaintiff shall either: (a) specify the respects in which Plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record; or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Stipulation.

...
**c. Statement of Disputed Issues**
Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that plaintiff is raising as the grounds for reversal and/or remand. [Example: "Issue No. 1 – Whether the ALJ properly evaluated plaintiff's subjective complaints of pain."]

…
**d. Issues and Contentions**
**(1) Issue No. 1** [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]
　　**(a)** Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth plaintiff's contentions (including citations to the page(s) of the administrative record recited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

…
**(2) Issue No. 2**, etc. [Repeat the foregoing format as needed.]

…
**e. Relief Requested**
(1) Plaintiff's statement of relief requested.

Dkt. 17 at 2–4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:20-cv-6893-RSWL (MAR)                                                    Date:  September 30, 2021

Title:   *Yakina M. Spearman v. Nancy A. Berryhill*

    Plaintiff is again reminded that assistance from the Court's <u>pro se</u> clinic is available by appointment.  Litigants can make an appointment by calling (213) 385-2977 ext. 270 and leaving a detailed message or by filling out the online application at http://www.publiccounsel.org/featured?id=0003.

    **Failure to respond to the Court's Order <u>will</u> result in the dismissal of the action for failure to prosecute and failure to comply with a Court order.**  <u>See</u> Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |