THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St,
Roseville, CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE



FEB 2 1 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

THOMAS SCHMITZ, et al.,

Plaintiffs,

vs.

A ASMAN, et al.,

Defendants.

NO. 2:20-cv00195-DJC-CKD

**PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' TOCHE, REKART AND DIAZ DISCOVERY RESPONSES**

**COMPLAINT FILED: 1/27/2020**
**DATE:  March 20, 2024**
**COURTROOM:24**
**TRIAL DATE: TBD**
**JUDGE ASSIGNED: Honorable Carolyn K. Delaney**

# I.

## INTRODUCTION

On January, 21, 2019, our mentally-ill son, William Schmitz, died while under the care and supervision of CDCR Defendants. Tragically and almost inconceivably, CDCR has persisted with **decades of unconstitutional care** resulting in the **foreseeable and preventable suffering and deaths of mentally-ill individuals, like William.** Rather than take any responsibility and admit William was **one of the many inevitable victims** and clearly and fully respond to discovery requests, Defendants choose evasiveness. Plaintiff Mallia requests this Motion be heard at the same time as Plaintiffs' current pending motion to determine the sufficiency of discovery responses. Further, Plaintiff Mallia requests the court not punish pro se plaintiffs by holding to a discovery timeline that is now impossible due to Defendants' evasiveness.

## II. PROCEDURAL HISTORY

Currently, Plaintiffs have a  motion to determine the sufficiency of discovery responses scheduled to be heard on March 20, 2024.

The discovery requests pertaining to this motion were originally  served on Defendants electronically on October 7, 2023. (Exhibit A)

On October 26, 2023 Defendants' attorney MARIA ZHURNALOVA-JUPPUNOV requested an extension until December 1, 2023.  Plaintiffs originally did not agree, however when learning of Attorney DANIEL MAYER'S illness they allowed the extension until December 1, 2023. (Exhibit K at 2-5).

On November 20, 2023 attorney DANIEL MAYER requested a further extension  as his father was hospitalized. Plaintiffs granted a 2 week extension, moving the deadline an additional 14 days to December 15, 2023. (Exhibit K at 1).

On December 14, 2023, attorney DANIEL MAYER requested further extension until January 15, 2024,  and that if not granted explained that the responses would only consist only of objections.  Plaintiffs would not agree to further extension. (Exhibit M at 3)

On December 14, 2023, Responses were served and consisted entirely of objections. (Exhibits B-J)

1     On December 26, 2023, Plaintiff Mallia informed Defendants that answers were deficient

2  and gave a timeline of until January 15, 2024 for amended responses as this was the date attorney

3  DANIEL MAYER previously requested. (Exhibit M at 1-2)

4     On January 22, 2024,  Plaintiff Mallia  followed up  requesting the amended answers by

5  January 28, 2024. (Exhibit M at 1)

6     On February 1, 2024  Plaintiff Mallia again followed up once again and extended deadline

7  to February 5 advising if not received a motion would be filed with the court.  (Exhibit M at 1)

8     On February 2, 2024 attorney DANIEL MAYER requested an extension as the firm had

9  been involved in a trial. (Exhibit L at 2- 3)

10    On February 2, 2024, Plaintiff Mallia once again explained concern of the court's

11  timeline for discovery completion and that Defendants inability to respond is going to make

12  discovery completion impossible for the Court ordered timeline.  Plaintiff Mallia offered to allow

13  another extension if the Court would allow a six month extension on completion of fact

14  discovery and advising that if Attorney Mayer would draft the stipulation for discovery extension

15  plaintiffs would sign. (Exhibit L at 2)

16    On February 6, Defendants' attorney Mayer did not want to agree to stipulate to the

17  extension of the discovery cut-off. (Exhibit L at 1)

18    On February 6, Plaintiff Mallia responded referring to Court Order ECF 286 and the

19  seemingly very firm cut-off of May 17, 2024 and advised she would file a motion since

20  Defendants would not agree to stipulate to the extension. (Exhibit L at 1)

21    As of the date off this filing, no further response has been received by Plaintiff Mallia.

22  ( Mallia Declaration  Exhibit N)

23    Given the timeline of the upcoming discovery deadline, Defense attorneys repeated

24  inability to comply with this discovery timeline agreed to for these requests after multiple meet

25  and confer communications, Defense attorneys decision not to stipulate to a request an extension

26  of the case's overall discovery deadline, and Defense attorneys failure to respond to the latest

27  communication pointing out the Court's order on discovery timeline and notification that a

28

PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF DISCOVERY RESPONSES

1  motion would be filed, Plaintiff Mallia requests the Court decides on these discovery disputes
2  concurrently with the pending discovery motion.

### III. ARGUMENT

**A. Responses in dispute**

The following are the discovery requests and the Responses that are in dispute:

1. Defendant DIANA TOCHE's responses to Plaintiff Mallia's special interrogatories , set one (Exhibit B)

2. Defendant DIANA TOCHE's responses to Plaintiff Mallia's Request for Admission , set one (Exhibit C)

3. Defendant DIANA TOCHE's responses to Plaintiff Mallia's request for production of documents, set one (Exhibit D)

4. Defendant JOHN REKART's responses to Plaintiff Mallia's special interrogatories , set one (Exhibit E)

5. Defendant JOHN REKART's responses to Plaintiff Mallia's Request for Admission, set one (Exhibit F)

6. Defendant JOHN REKART's responses to Plaintiff Mallia's request for production of documents , set one (Exhibit G)

7. Defendant RALPH DIAZ 's responses to Plaintiff Mallia's special interrogatories , set one (Exhibit H)

8. Defendant RALPH DIAZ 's responses to Plaintiff Mallia's Request for Admission, set one (Exhibit I)

9. Defendant RALPH DIAZ 's responses to Plaintiff Mallia's request for production of documents, set one (Exhibit J)

**Response to every RFA 1 individually to Defendant Toche, Rekart, and Diaz:**

Objection. Defendant is not the duly authorized Custodian of Records and is not authorized to certify the records, pursuant to Federal Rules of Civil Procedure 44. This request is moreover burdensome,

oppressive, harassing, vague and ambiguous, including as to time, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**Response to every RFA, except no. 1, individually to Defendant Toche, Rekart, and Diaz:**

"Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future. "

**Response to every RFP by Defendants Toche, Rekart, and Diaz:**

Objection. See objections stated in Response to Plaintiff's Requests for Admission and incorporated by reference hereto respectfully. Defendant further objects to the extent this request seeks documents protected by attorney-client privilege and the work production doctrine. This request is further burdensome, oppressive, harassing, vague and ambiguous as to time, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**Response to every interrogatory by Defendants Toche, Rekart, and Diaz:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**A. Responses not in good faith**

Defendants only responded with objections to meet the response deadline that was extended multiple times under the guise amended responses were to follow. Now months later, the amended responses are ambiguous as to if and when they are to be served. Defendants waste precious time that is needed for Plaintiffs to complete discovery by the current deadline. Future discovery requests depend on the current discovery production. Further, Defendants failure to

stipulate to a request to extend a discovery deadline makes it more suspect of an alternative motive of simply trying to exhaust all time for Pro se Plaintiffs to complete discovery.

## B.  Generic Objections

Generic objections are not sufficient. *see Taylor v. Cnty. of Calaveras*, No. 1:18-cv-00760-BAM, at *6 (E.D. Cal. Nov. 26, 2019) ("Generic, boilerplate objections to discovery are not sufficient. *See Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962, 2012 WL 2029720 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process); *see A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable). Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome. *See Dolarian Capital, Inc. v. SOC, LLC*, 2012 WL 4026818, at *2 (E.D. Cal. Sept. 12, 2012).")

## Conclusion

Based on the facts set forth above, Plaintiff Mallia respectfully requests this Court order Defendants Diaz, Rekart, and Troche to eliminate all meritless objections, amend their responses and produce documents. Further, Plaintiff Mallia requests that the current discovery timeline be amended to allow for pro se plaintiffs to adequately review pending discovery responses and complete all discovery requests that are generated by the responses.

Dated: February 21, 2024                   Respectfully submitted,

Dianne Mallia

PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF DISCOVERY RESPONSES

Exhibit A

**Certificate of service**

1. Case Name: Thomas Schmitz, et al. v. A. Asman et al

2. Case Number: 2:20-cv00195-DJC-CKD

3. What Documents were served?

1. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO DEFENDANT SUJATHA RAMKUMAR, M.D. REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

2.   PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT SUJATHA RAMKUMAR, M.D. REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

3. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO DEFENDANT ERIC BRANMAN REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE

4. PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT ERIC BRANMAN REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE

5. PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT ALEX ANDALUZ REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE

6. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO DEFENDANT ALEX ANDALUZ REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE

7. PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT ROBERT JOHNSON, M.D.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

8. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO DEFENDANT ROBERT JOHNSON, M.D.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

9. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO
DEFENDANT VIOLKA WANIE REQUEST FOR PRODUCTION OF
DOCUMENTS SET ONE

10. PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT
VIOLKA WANIE REQUEST FOR PRODUCTION OF DOCUMENTS SET
ONE

11. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO
DEFENDANT VIOLKA WANIE SPECIAL INTERROGATORIES, SET ONE

12. PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT
VIOLKA WANIE SPECIAL INTERROGATORIES, SET ONE

13. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO
DEFENDANT ROBERT JOHNSON, M.D.'S,  SPECIAL INTERROGATORIES,
SET ONE

14. PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT
ROBERT JOHNSON,M.D.'S,  SPECIAL INTERROGATORIES, SET ONE

15. PLAINTIFF THOMAS SCHMITZ AMENDED ANSWERS TO
DEFENDANT JEVON JOHNSON, M.D.'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

16. PLAINTIFF DIANNE MALLIA AMENDED ANSWERS TO DEFENDANT
JEVON JOHNSON, M.D.'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

17. PLAINTIFF DIANNE MALLIA's REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT RALPH DIAZ, SET ONE

18. PLAINTIFF DIANNE MALLIA's REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT DIANA TOCHE, SET ONE

19. PLAINTIFF DIANNE MALLIA's REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT KATHERINE TEBROCK, SET ONE

20. PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT Katherine Tebrock, SET ONE

21. PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT Diana TOCHE, SET ONE

22. PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
Katherine Tebrock, SET ONE

23. PLAINTIFF DIANNE MALLIA's REQUESTS FOR ADMISSION, SET
ONE TO DEFENDANT RALPH DIAZ

24. PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
DIANA TOCHE, SET ONE

25. PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
RALPH DIAZ, SET ONE

26.  PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT Kevin KUICH, MD  SET ONE

27.  PLAINTIFF DIANNE MALLIA's REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT REBECCA ROBINSON, SET ONE

28.  PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
REBECCA ROBINSON, SET ONE

29. PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT JOE LIZARRAGA, SET ONE

30. PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT REBECCA ROBINSON, SET ONE

31. PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT DAVID LEIDNER , SET ONE

32. PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT JOHN REKART, SET ONE

33. PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT DAVID LEIDNER, SET ONE

34. PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT JOHN REKART, SET ONE

35. PLAINTIFF DIANNE MALLIA's REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN REKART , SET ONE

36. PLAINTIFF DIANNE MALLIA's REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DAVID LEIDNER, SET ONE

4. How was the document served? By electronic service

5. Who did you send the document to?

Maria Zhurnalova-Juppunov

McNamara, Ambacher, Wheeler, Hirsig & Gray LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
    Email: Maria.Zhurnalova-Juppunov@mcnamaralaw.com

MICHAEL TERHORST, State Bar No. 164679
Beeson Terhorst, LLP
510 Bercut Drive, Suite V
Sacramento, CA 95811
Telephone: (916) 444-3400

E-mail: michaelbeesonterhorst.com

JENNIFER J. NYGAARD, State Bar No. 229494
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0802
Fax: (510) 622-2270
E-mail: Jennifer.Nygaard@doj.ca.gov

Tiffany SALA
LOW McKINLEY & SALENKO, LLP
2150 River Plaza Drive, Suite 250
Sacramento, CA 95833
    Telephone: (916) 231- 2400
    Email: tcs@lmblaw.net

**A5**

6. When were the documents sent?
October 7, 2023

Who served the documents?
I declare under penalty of perjury under the laws of the
United States that the foregoing is true and correct.

Signature: *Diane Mallia*

Name:    Dianne Mallia
Address: 404 Atkinson St
Roseville, CA 95678

Email:    deedamallia@gmail.com

Exhibit B

1  THOMAS J. SCHMITZ
2  DIANNE MALLIA
   404 Atkinson St.
3  Roseville, CA 95678
   (707) 694-8158
4  tsfoot49@gmail.com
5  deedamallia@gmail.com
   PRO SE
6
                    **UNITED STATES DISTRICT COURT**
7
                    **EASTERN DISTRICT OF CALIFORNIA**
8
9  THOMAS SCHMITZ, et al.,                    NO. 2:20-cv00195-DJC-CKD
10
                              Plaintiffs,
11              vs.                           PLAINTIFF DIANNE MALLIA's
    A ASMAN, et al.,                          INTERROGATORIES TO
12                                            DEFENDANT DIANA TOCHE, SET
                                              ONE
13                                            COMPLAINT FILED: 1/27/2020
14                            Defendants.
15
16
17
18
19
20
21  PROPOUNDING PARTY:        Plaintiff DIANNE MALLIA, individually
22
23  RESPONDING PARTY:         Defendant DIANA TOCHE
24
25  SET NUMBER:     ONE
    In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that
26  Defendant DIANA TOCHE answer the following interrogatories under oath, and that the
    answers be signed by the person making them and be served on plaintiffs within 30 days of
27  service of these interrogatories.
28
                                                                                    1



If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes.

## I. DEFINITIONS AND SCOPE

## A. DEFINITIONS

1. The terms "RESPONDING PARTY," "YOU," or "YOUR" refer to, without limitation, Defendant DIANA TOCHE.

2. As used herein, "PLAINTIFFS" shall refer to Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually.

3. "RELATE" or "RELATING TO" means referring, regarding, describing, referencing, or pertaining, supporting, or refuting, in any manner whatsoever, in whole or in part, directly or indirectly, implicitly or explicitly.

4. "Any" and "All," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

5. "INCLUDING" means "including, but not limited to," and is not to be construed to limit a request.

6. "COLEMAN" refers to the "COLEMAN v. Wilson "(now Coleman v. Newsom) case. AS described on CDCR.ca.gov website. "On September 13, 1995, a federal court in Sacramento ruled that the CDCR is not providing adequate mental health care. The ruling was in a case called *Coleman v. Wilson* (now *Coleman v. Newsom*). The case covers all prisoners with serious mental disorders housed in California state prisons. The case continues today."

7. In interpreting these requests, any masculine, feminine or neutral term includes all other genders; the singular includes the plural and vice versa; the words "or," "and" and "and/ or," shall be read in the conjunctive and in the disjunctive whenever they appear, and shall be read to bring within the scope of request the broadest amount of information.

8. If in answering these interrogatories YOU claim any ambiguity, identify in YOUR response the language YOU consider ambiguous and state the interpretation YOU are using in responding.

2

## III. INTERROGATORIES

INTERROGATORY NO. 1:

Identify all of YOUR duties while Undersecretary of Health Care Services for CDCR.

INTERROGATORY NO. 2:

Identify all of YOUR responsibilities relating to enacting the *Coleman* mandates while Undersecretary of Health Care Services for CDCR.

INTERROGATORY NO. 3:

Identify all information YOU received relating to CDCR's inability to reach a vacancy rate for mental health providers of below 10% at Mule Creek State Prison during YOUR time as Undersecretary of Health Care Services for CDCR.

INTERROGATORY NO. 4:

Identify ALL proposals YOU reviewed relating to decreasing mental health provider vacancies from January 1, 2010 until January 30, 2019.

INTERROGATORY NO. 5:

Identify ALL information YOU received from Dr. Golding relating to Psychiatrists within CDCR being unable to comply with the MHSDS Program Guide.

INTERROGATORY NO. 6:

Identify all documents relating to the duties of individuals who played a role in hiring of mental health providers at Mule Creek State Prison between January 1, 2010 and January 22, 2019.

INTERROGATORY NO. 7:

Identify ALL documents relating to the CDCR's response to the whistleblower reports of Dr.

3

B4

Michael Golding in the *Coleman* litigation.

INTERROGATORY NO. 8:

Identify ALL allegations that YOU disagree with from the whistleblower reports of Dr. Michael Golding in the *Coleman* litigation.

INTERROGATORY NO. 9:

Identify ALL documents relating to the CDCR's response to the March of 2015, Receiver J. Clark Kelso report.  (BATES PLAINTIFFS 6357)

INTERROGATORY **NO. 10:**

Identify ALL documents relating to the CDCR's response to the July 2018 OIG report of Mule Creek State Prison.  (BATES PLAINTIFFS 5752-5871)

INTERROGATORY **NO. 11:**

As a Defendant in the *Coleman* case were you required to comply with the court orders?

INTERROGATORY **NO. 12:**

As one of YOUR duties  described in YOUR duty statement ( BATES DEF009363) was to address ethical concerns, identify ALL documents relating to ethical concerns brought to YOU by subordinates.

INTERROGATORY NO. 13:

As one of YOUR duties  described in YOUR duty statement (BATES DEF009363) was to ensure that the Department delivers care consistent with all constitutional mandates and in conformance with federal court orders and state laws, identify ALL documents relating to the constitutional mandates CDCR was required to be consistent with.

4

PLAINTIFF DIANNE MALLIA'S SPECIAL INTER. , SET ONE TO DEFENDANT DIANA TOCHE. NO. 2:20-cv00195-DJC-CKD

INTERROGATORY NO. 14:

As one of YOUR duties described in YOUR duty statement (BATES DEF009363) was to ensure that the Department delivers care consistent with all constitutional mandates and in conformance with federal court orders and state laws, identify ALL documents relating to the federal court orders CDCR was to be in conformance with.

INTERROGATORY NO. 15:

As one of YOUR duties described in YOUR duty statement (BATES DEF009363) was to ensure that the Department delivers care consistent with all constitutional mandates and in conformance with federal court orders and state laws, identify ALL documents relating to the state laws CDCR was to be in conformance with.

INTERROGATORY NO. 16:

Identify ALL documents regarding YOUR knowledge of mental health vacancies at MULE CREEK STATE PRISON from January 1, 2015 to January 21, 2019.

INTERROGATORY NO. 17:

Identify ALL documents regarding YOUR knowledge of mental health vacancies at MULE CREEK STATE PRISON from January 1, 2015 to January 21, 2019.

INTERROGATORY NO. 18:

As one of YOUR duties described in YOUR duty statement (BATES DEF009363) was to ensure that the Department delivers care consistent with all constitutional mandates and in conformance with federal court orders and state laws, identify ALL time periods during YOUR time as Undersecretary of Health Care Services for CDCR that YOU believe mental health care at Mule Creek State Prison was not consistent with all constitutional mandates.

PLAINTIFF DIANNE MALLIA's SPECIAL INTER. , SET ONE TO DEFENDANT DIANA TOCHE, NO. 2:20-cv00195-DJC-CKD

INTERROGATORY NO. 19:

As one of YOUR duties described in YOUR duty statement (BATES DEF009363) was to ensure that the Department delivers care consistent with all constitutional mandates and in conformance with federal court orders and state laws, identify ALL time periods during YOUR time as Undersecretary of Health Care Services for CDCR that YOU believe mental health care at Mule Creek State Prison was not in conformance with all federal court orders.

INTERROGATORY NO. 20:

As one of YOUR duties described in YOUR duty statement (BATES DEF009363) was to ensure that the Department delivers care consistent with all constitutional mandates and in conformance with federal court orders and state laws, identify ALL time periods during YOUR time as Undersecretary of Health Care Services for CDCR that YOU believe mental health care at Mule Creek State Prison was not in conformance with all state laws.

Dated: October 7, 2023                                    By,

_Dianne Mallia_

Dianne Mallia

6

Exhibit B2

PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
639 Kentucky Street
Fairfield, CA 94533-5530
Telephone: (707) 427-3998
Facsimile:  (707) 427-0268

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ASMAN et al,<br><br>Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANT DIANA TOCHE'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**<br><br>Action Filed:  7/16/2020 |

PROPOUNDING PARTY:     Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:     Defendant DIANA TOCHE

SET NUMBER:     ONE

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. Each response is subject

to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. TOCHE'S RESPONSES TO PL'S
INTERROGATORIES, SET ONE

1    requests were asked for, or if any statement contained herein were made by a witness present and

2    testifying in court, all of which objections and grounds are reserved and may be interposed at the

3    time of trial.

4         Responding party is responding to all of the requests to the extent that information has

5    become known to her. However, responding party's discovery, investigation, and preparation for

6    trial of this matter has not been completed as of the date of these responses and, therefore,

7    responding party does not purport to state anything more than information currently known and

8    discovered by her.

9         Responding party reserves the right to continue discovery and investigation in this matter

10   regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11   herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12   are responded to fully and so far as information is currently available to responding party; and

13   responding party is not precluded from presenting at trial information discovered after the date of

14   these responses.

15        This Preliminary Statement is incorporated into each and every response set forth below.

16                                        **RESPONSES**

17   **RESPONSE TO INTERROGATORY NO. 1:**

18        Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

19   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

20   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

21   the future.

22   **RESPONSE TO INTERROGATORY NO. 2:**

23        Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

24   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

25   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

26   the future.

27   **RESPONSE TO INTERROGATORY NO. 3:**

28        Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY, LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE (707) 427-0268

1   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

2   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

3   the future.

4   **RESPONSE TO INTERROGATORY NO. 4**

5        Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous,

6   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

7   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

8   the future.

9   **RESPONSE TO INTERROGATORY NO. 5**

10       Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous

11  as to time, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery

12  remains ongoing, and Defendant reserves the right to amend or supplement this response as

13  appropriate in the future.

14  **RESPONSE TO INTERROGATORY NO. 6:**

15       Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous,

16  and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

17  ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

18  the future.

19  **RESPONSE TO INTERROGATORY NO. 7:**

20       Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

21  including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

22  Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

23  as appropriate in the future.

24  **RESPONSE TO INTERROGATORY NO. 8:**

25       Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

26  including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

27  Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

28  as appropriate in the future.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is phrased in such a way that it amounts to a request for admission. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, including as to time, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, including as to time, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

2   as appropriate in the future.

3   **RESPONSE TO INTERROGATORY NO. 15:**

4   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

5   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

6   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

7   as appropriate in the future.

8   **RESPONSE TO INTERROGATORY NO. 16:**

9   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

10   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

11   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

12   the future.

13   **RESPONSE TO INTERROGATORY NO. 17:**

14   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

15   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

16   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

17   the future.

18   **RESPONSE TO INTERROGATORY NO. 18:**

19   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

20   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

21   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

22   as appropriate in the future.

23   **RESPONSE TO INTERROGATORY NO. 19:**

24   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

25   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

26   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

27   as appropriate in the future.

28   **RESPONSE TO INTERROGATORY NO. 20:**

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

2   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

3   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

4   as appropriate in the future.

5   Dated:  December 14, 2023          McNAMARA, AMBACHER, WHEELER,
                                        HIRSIG & GRAY LLP

6

7

8                                      By:   _Daniel Mayer_____
                                             Peter J. Hirsig
9                                            Maria Zhurnalova-Juppunov
                                             Daniel R. Mayer
10                                           Attorneys for Defendants ADAMS, ANDALUZ,
                                             ASHE, ASMAN, BRANMAN, BRIZENDINE,
11                                           BROCKENBOROGH, CEBALLOS, HEATLEY, J.
                                             JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
12                                           RAMKUMAR, REKART, ROBINSON, RUDAS, M.
                                             SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St.
Roseville. CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| THOMAS SCHMITZ, et al., | NO. 2:20-cv00195-DJC-CKD |
|---|---|
| Plaintiffs, | |
| vs. | **PLAINTIFF DIANNE MALLIA's REQUEST FOR ADMISSIONS TO DEFENDANT DIANA TOCHE, SET ONE** |
| A ASMAN, et al., | |
| | **COMPLAINT FILED: 1/27/2020** |
| Defendants. | |

PROPOUNDING PARTY:          Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:          Defendant DIANA TOCHE

SET NUMBER:          ONE

Plaintiff DIANNE MALLIA hereby requests that Defendant DIANA TOCHE pursuant to Federal Rule of Civil Procedure ("FRCP") 36, answer the following Requests for Admission within thirty (30) days of service of this Request.

These Requests for Admission require a written response to be served within thirty (30)

1

days after service thereof pursuant to FRCP 36. Said Response must be under oath and must address each requested item separately. Failure to serve a timely, Response acts as a waiver of any and all objections to this Request including those based on privilege and work product and may also act to be deemed admissions to those matters set forth herein.

In responding to this Request, you are required to use all information that is known or available to you, including, but not limited to, your personal knowledge; information obtainable by a diligent search of sources of information available to you; and information in the possession of or available to any person or persons acting on your behalf, under your control, or under the control of your attorneys, agents, servants, or representatives.

## **DEFINITIONS**

The following definitions apply to these requests, regardless of the upper or low case of the words used in the requests:

"ALL" means any and all.

"YOU" or "YOUR" means specific Responding Party listed above and/or Defendant.

"COLEMAN" refers to the "COLEMAN v. Wilson "(now Coleman v. Newsom) case. AS described on CDCR.ca.gov website. "On September 13, 1995, a federal court in Sacramento ruled that the CDCR is not providing adequate mental health care. The ruling was in a case called *Coleman v. Wilson* (now *Coleman v. Newsom)*. The case covers all prisoners with serious mental disorders housed in California state prisons. The case continues today."

If responding party finds any words as vague or ambiguous, the words are used as defined in the Merriam-Webster Dictionary, New Edition, 2022 Copyright and responding party should use those definitions in formulating a response.

If in answering these requests YOU claim any ambiguity, identify in YOUR response the language YOU consider ambiguous and state the interpretation YOU are using in responding.

**REQUEST FOR ADMISSION NO. 1:**

Admit that ALL documents disclosed by YOU are true and accurate copies of the original documents.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU knew CDCR was mandated in *Coleman* to keep a vacancy rate of less than 10% for mental health providers during the entire time YOU were employed with CDCR.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU knew the vacancy rate for all required mental health providers was never below 10% for Mule Creek State Prison during YOUR time employed with CDCR.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU had the responsibility to enact the *Coleman* mandates.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU knew failure to enact the Coleman mandate results in ongoing constitutional violations of mentally ill within CDCR.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU knew failure to keep a vacancy rate of less than 10% for mental health providers at Mule Creek State Prison resulted in prisoners with serious mental disorders, like William Schmitz, from receiving the frequency of care detailed in the Mental Health Services Delivery System Program Guide.

**REQUEST FOR ADMISSION NO. 7:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR YOU could have directed more resources to hiring and retaining mental health providers within CDCR.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU were aware the majority of individual cases of *Coleman* class members at Mule Creek State Prison reviewed by the Special Master were found to have inadequate care as defined in the Special Master reports.

**REQUEST FOR ADMISSION NO. 9:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR, YOU were aware of the concerns  by CDCR psychiatrists that psychologists were practicing above their scope of practice.

**REQUEST FOR ADMISSION NO. 10:**

Admit that from the time YOU were Undersecretary of Health Care Services for CDCR  until the date of William Schmitz death on January 21, 2019 that CDCR did not have enough psychiatrists to provide the amount of services mandated by the MHSDS Program Guide.

**REQUEST FOR ADMISSION NO. 11:**

Admit that from the time YOU were Undersecretary of Health Care Services for CDCR until the date of William Schmitz death on January 21, 2019 that the *Coleman* court had found the insufficient mental health staffing  results in ongoing violations of the constitution to Coleman members.

**REQUEST FOR ADMISSION NO. 12:**

Admit that from the time YOU were Undersecretary of Health Care Services for CDCR until the date of William Schmitz death on January 21, 2019 that the *Coleman* court had never found the mental health care provided to CDCR mentally health inmates to be consistent with the community standards.

**REQUEST FOR ADMISSION NO. 13:**

Admit from the time YOU were Undersecretary of Health Care Services for CDCR until the date of William Schmitz death on January 21, 2019 YOU could have directed more mental health resources to Mule Creek State Prison.

**REQUEST FOR ADMISSION NO. 14:**

Admit the ability of a CDCR institution to provide care mandated by Mental Health Program guide directly depends on the number of psychiatrists available at the institution.

**REQUEST FOR ADMISSION NO. 15:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR, YOU were aware that CDCR psychiatrists were concerned the medical record system was not sufficient to provide psychiatric care up to community standards.

**REQUEST FOR ADMISSION NO. 16:**

Admit from the time YOU were Undersecretary of Health Care Services for CDCR until the date of William Schmitz death on January 21, 2019, there were not enough psychiatrists at MCSP to provide a minimal constitutional level of mental health care to the mentally ill inmates.

**REQUEST FOR ADMISSION NO. 17:**

Admit that failure to meet the *Coleman* mandates results in the deaths of mentally ill individuals.

**REQUEST FOR ADMISSION NO. 18:**

Admit that allowing non- psychiatrists to over rule decisions by psychiatrists regarding care of mentally ill endangers mentally ill.



**REQUEST FOR ADMISSION NO. 19:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR, YOU were aware that CDCR psychiatrists were unable to attend IDTT meetings due to their workload.

**REQUEST FOR ADMISSION NO. 20:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR, YOU were aware that CDCR psychiatrists were unable to meet with inmates in the EOP  at the frequency mandated by the Program Guide due to their individual workloads.

**REQUEST FOR ADMISSION NO. 21:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR, YOU were aware that CDCR psychiatrists were leaving CDCR due to ethical concerns of working within CDCR.

**REQUEST FOR ADMISSION NO. 22:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR, YOU were aware that CDCR psychiatrists were concerned psychologists were performing tasks that were above their scope of practice.

**REQUEST FOR ADMISSION NO. 23:**

Admit that during YOUR time as Undersecretary of Health Care Services for CDCR, YOU were aware that some CDCR psychiatrists  were concerned they were unable to provide psychiatric care up to community standards.

Dated: October 7, 2023            By,

Dianne Mallia

PLAINTIFF DIANNE MALLIA'S RFA, SET ONE TO DEFENDANT DIANA TOCHE ., NO. 2:20-cv-00195-DJC-CKD

*Exhibit C2*

1  PETER J. HIRSIG (State Bar No. 197993)
   peter.hirsig@mcnamaralaw.com
2  MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
   maria.zhurnalova-juppunov@mcnamaralaw.com
3  DANIEL R. MAYER (State Bar No. 300077)
   daniel.mayer@mcnamaralaw.com
4  McNAMARA, AMBACHER, WHEELER,
   HIRSIG & GRAY LLP
5  639 Kentucky Street
   Fairfield, CA 94533-5530
6  Telephone: (707) 427-3998
   Facsimile:  (707) 427-0268
7
   Attorneys for Defendants
8  ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
   BRIZENDINE, BROCKENBOROGH, CEBALLOS,
9  HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
   PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
10 M. SMITH. C. SMITH, TIEBROCK, TOCHE and WAINE

11                  UNITED STATES DISTRICT COURT

12                  EASTERN DISTRICT OF CALIFORNIA

13

14 Estate of WILLIAM SCHMITZ, deceased,        Case No. 2:20-CV-00195-JAM-CKD
   by and through THOMAS J. SCHMITZ
15 and DIANNE MALLIA, as Successors in         **DEFENDANT DIANA TOCHE'S**
   Interest: THOMAS SCHMITZ,                   **RESPONSES TO PLAINTIFF'S REQUEST**
16 Individually; and DIANNE MALLIA,            **FOR ADMISSION, SET ONE**
   Individually.
17                                             Action Filed:  7/16/2020
             Plaintiffs,
18
         vs.
19
   ASMAN et al,
20
             Defendants.
21

22 PROPOUNDING PARTY:   Plaintiff DIANNE MALLIA, individually

23 RESPONDING PARTY:    Defendant DIANE TOCHE

24 SET NUMBER:          ONE

25                      **PRELIMINARY STATEMENT**

26       These responses are made solely for the purpose of this action. Each response is subject

27 to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

28 all other objections and grounds that would require the exclusion of any statements herein, if any

   DEF. TOCHE'S RESPONSES TO PL'S REQUEST
   FOR ADMISSION, SET ONE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1  requests were asked for, or if any statement contained herein were made by a witness present and

2  testifying in court, all of which objections and grounds are reserved and may be interposed at the

3  time of trial.

4      Responding party is responding to all of the requests to the extent that information has

5  become known to her. However, responding party's discovery, investigation, and preparation for

6  trial of this matter has not been completed as of the date of these responses and, therefore,

7  responding party does not purport to state anything more than information currently known and

8  discovered by her.

9      Responding party reserves the right to continue discovery and investigation in this matter

10  regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11  herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12  are responded to fully and so far as information is currently available to responding party; and

13  responding party is not precluded from presenting at trial information discovered after the date of

14  these responses.

15      This Preliminary Statement is incorporated into each and every response set forth below.

16  **RESPONSES**

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

18      Objection. Defendant is not the duly authorized Custodian of Records and is not authorized

19  to certify the records, pursuant to Federal Rules of Civil Procedure 44. This request is moreover

20  burdensome, oppressive, harassing, vague and ambiguous, including as to time, and not reasonably

21  calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and

22  Defendant reserves the right to amend or supplement this response as appropriate in the future.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

24      Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

25  not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

26  ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

27  the future.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

DEF. TOCHE'S RESPONSES TO PL'S REQUEST   2
FOR ADMISSION, SET ONE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

2    not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

3    ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

4    the future.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

6    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

7    including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

8    Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

9    as appropriate in the future.

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

11    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

12    including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

13    Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

14    as appropriate in the future.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

16    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

17    including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

18    Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

19    as appropriate in the future.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

22    including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

23    Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

24    as appropriate in the future.

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

26    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

27    including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

28    Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1 as appropriate in the future.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

3     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

4 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

5 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

6 the future.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

8     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

9 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

10 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

11 the future.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

13     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

14 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

15 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

16 the future.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

18     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

19 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

20 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

21 the future.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

23     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

24 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

25 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

26 the future.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

28     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY, LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE, (707) 427-0268

1   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

2   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

3   as appropriate in the future.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

5   Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

6   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

7   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

8   the future.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

10   Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

11   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

12   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

13   the future.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

15   Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

16   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

17   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

18   the future.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

20   Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

21   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

22   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

23   as appropriate in the future.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25   Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

26   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

27   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

28   the future.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268



1    **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

2          Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

3    not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

4    ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

5    the future.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

7          Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

8    not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

9    ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

10   the future.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

12         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

13   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

14   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

15   the future.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

17         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

18   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

19   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

20   the future.

21   Dated:  December 14, 2023      McNAMARA, AMBACHER, WHEELER,
                            HIRSIG & GRAY LLP

22

23                     By: _____*Daniel Mayer*_____

24                       Peter J. Hirsig
                    Maria Zhurnalova-Juppunov

25                       Daniel R. Mayer
                    Attorneys for Defendants ADAMS, ANDALUZ,

26                       ASHE, ASMAN, BRANMAN, BRIZENDINE,
                    BROCKENBOROGH, CEBALLOS, HEATLEY, J.

27                       JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
                    RAMKUMAR, REKART, ROBINSON, RUDAS, M.

28                       SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

**Exh D**

THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St,
Roseville, CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS SCHMITZ, et al.,** | NO. 2:2020cv00195-DJC-CKD |
| **Plaintiffs,** | |
| vs. | |
| **A ASMAN, et al.,** | **PLAINTIFF DIANNE MALLIA's REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** DIANA TOCHE, **SET ONE** |
| **Defendants**. | |
| | Complaint filed: 1/27/2020 |
| | Trial date: None Set |

**PROPOUNDING PARTY:**  Plaintiff Dianne Mallia

**RESPONDING PARTY:**   Defendant DIANA TOCHE,

**SET NUMBER:**   ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Dianne Mallia hereby requests that Defendant DIANA TOCHE, produce electronic copies of the documents and things requested herein within 30 days after service of this request, via E-mail to tsfoot49@gmail.com and deedamallia@gmail.com.  Production may also be satisfied by serving by mail to Plaintiff address, 404 Atkinson St, Roseville, CA 95678, legible copies of the items to be produced accompanied by a written affidavit stating that they are true copies no more than

thirty (30) days after service of this Request. If any document is two-sided, a copy of both front and back is required. Any objection or request for extension of items below does not extend the deadline of the other items.

## I.       DEFINITIONS AND SCOPE

**A.       DEFINITIONS**

1.       The terms "RESPONDING PARTY," "YOU," or "YOUR" refer to, without limitation, Defendant DIANA TOCHE,;.

2.       As used herein, "PLAINTIFFS" shall refer to Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually.

3.       The term "DOCUMENT" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes the original and every non-identical copy or reproduction in YOUR possession, custody, or control, and further is used in a broad sense to refer to any tangible object or electronic image or file that contains, conveys, or records information. DOCUMENT has the broadest possible meaning and includes anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. DOCUMENT includes, but is not limited to, all of the following: papers, COMMUNICATIONS, correspondence, emails, MS Excel files, MS Word files, MS PowerPoint files, text files, text messages, instant messages, postings on internet websites or blogs or social media including Twitter and Facebook, training manuals, employee manuals, policy statements, trade letters, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings and transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, maps, plans, graphs, computer programs, photographs, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, orders, resolutions, agendas, memorials or notes of oral communications (whether by telephone or face-to-face), contracts, agreements,

memoranda of understanding, and letters of intent.  DOCUMENT includes any writings recorded or stored in any medium or location, including desktop computers, laptops, PDAs, cell phones, home computers used for work, calendars, computer tapes, computer drives or memories, computer diskettes or disks, email, CD-ROMs, DVDs, BlackBerrys, iPhones, or other similar handheld devices used to send and receive electronic mail, instant messaging ("IM"), blog or other internet or intranet posting, text messages, Twitter postings, Facebook postings, social media websites, cloud storage services such as DropBox and Google+, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced.  DOCUMENT also includes all notations on any of the foregoing; all originals, file copies or other unique copies of the foregoing; all versions or drafts of the foregoing, whether used or not; and all metadata.

4. "ELECTRONICALLY STORED INFORMATION" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

5. "NATIVE FORMAT" means the format of ESI in the application in which such ESI was originally created.

6. "RELATE" or "RELATING TO" means referring, regarding, describing, referencing, or pertaining, supporting, or refuting, in any manner whatsoever, in whole or in part, directly or indirectly, implicitly or explicitly.

7. "Any" and "All," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

8. "INCLUDING" means "including, but not limited to," and is not to be construed to limit a request.

9. In interpreting these requests, any masculine, feminine or neutral term includes all other genders; the singular includes the plural and vice versa; the words "or," "and" and "and/or," shall be read in the conjunctive and in the disjunctive whenever they appear, and shall be read to bring within the scope of request the broadest amount of information.

**B.**     **SCOPE**

D4

1.     Requests for production of DOCUMENTS are inclusive of requests for
ELECTRONICALLY STORED INFORMATION.

## II. INSTRUCTIONS

1.     For each item or category, YOUR written response must either state that inspection and
related activities will be permitted as requested, or state an objection to the request, including the
reasons for the objection. An objection to part of a request must specify the part and permit
inspection of the rest. (Fed. R. Civ. P. 34(b)).

2.     Documents shall be produced as they are kept in the usual course of business, or shall be
organized and labeled to correspond with the categories in the request. (Fed. R. Civ. P. 34(b)(i)).

3.     If YOU produce a document that falls within the specifications of more than one
request, please identify each request to which the document responds.

4.     Responsive documents shall be produced without deletion or redaction and include all
notes, cover memoranda, routing slips, appendices, drafts, revisions, attachments and enclosures.

5.     In responding to the following requests, YOU are required to furnish such information
as is under YOUR possession, custody, or control, including but not limited to information in the
possession of YOUR investigators, employees, agents, representatives, guardians, attorneys,
investigators for YOUR attorneys, or any other person or persons acting on YOUR behalf.

6.     If YOU cannot fully produce the documents requested below after exercising due
diligence to secure them, respond and produce the document(s) to the extent possible, specify the
portion of any request for production of documents to which YOU are unable fully to respond,
state the facts upon which YOU base YOUR contention that YOU are unable fully to respond to
such portion, and state any knowledge, information, or belief YOU have concerning such
portion.

7.     If YOU object to the production of any document on the grounds that it is protected
from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,
YOU are requested to identify each basis on which the document is being withheld and give all
information required by applicable case law, including but not limited to the following:

(a)     The name of the writer, sender, or initiator of each copy of the document

(b)     The name of the recipient, addressee, or party to whom any copy of the document was sent, or who received any copy of the document;

(c)     The date of each copy of the document, if any, or if the date is unavailable, an estimate of its date;

(d)     A statement of the basis for the claim of privilege; and

(e)     A description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

8.     If in answering these requests YOU claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in YOUR response the language YOU consider ambiguous and state the interpretation YOU are using in responding.

9.     If YOU or YOUR attorneys know of the existence, past or present, or any document described in any of these requests, but such document is not presently in YOUR possession, custody, or control or in the possession, custody, or control of YOUR agents, representatives, or attorneys, YOU shall so state in response to the request, identify such document in response to the request, and identify the individual in whose possession, custody, or control the document was last known to reside.  If any responsive documents have been destroyed or otherwise removed from YOUR custody or control, please state when, how, and why such document was destroyed or removed from YOUR custody.

10.     The obligation to provide the documents and things sought by these discovery requests is continuing pursuant to the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

### III. REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents relevant to any answer to the Requests for Admission, Set One, propounded by Plaintiff Dianne Mallia that does not constitute an unequivocal admission.

**REQUEST FOR PRODUCTION NO. 2:**



Any and all documents relevant to any answer to the INTERROGATORIES, Set One, from Plaintiff Dianne Mallia.


Dated:  October 7, 2023                              Respectfully Submitted,

                                                     *Dianne Mallia*

                                                     Dianne Mallia

Exh D2

1   PETER J. HIRSIG (State Bar No. 197993)
    peter.hirsig@mcnamaralaw.com
2   MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
    maria.zhurnalova-juppunov@mcnamaralaw.com
3   DANIEL R. MAYER (State Bar No. 300077)
    daniel.mayer@mcnamaralaw.com
4   McNAMARA, AMBACHER, WHEELER,
    HIRSIG & GRAY LLP
5   639 Kentucky Street
    Fairfield, CA 94533-5530
6   Telephone: (707) 427-3998
    Facsimile:  (707) 427-0268
7
    Attorneys for Defendants
8   ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
    BRIZENDINE, BROCKENBOROGH, CEBALLOS,
9   HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
    PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
10  M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

11              UNITED STATES DISTRICT COURT

12             EASTERN DISTRICT OF CALIFORNIA

13

14  Estate of WILLIAM SCHMITZ, deceased,        Case No. 2:20-CV-00195-JAM-CKD
    by and through THOMAS J. SCHMITZ
15  and DIANNE MALLIA, as Successors in         **DEFENDANT DIANA TOCHE'S**
    Interest; THOMAS SCHMITZ,                   **RESPONSES TO PLAINTIFF'S**
16  Individually; and DIANNE MALLIA,            **REQUESTS FOR PRODUCTION OF**
    Individually,                               **DOCUMENTS, SET ONE**
17
              Plaintiffs,                       Action Filed:  7/16/2020
18
         vs.
19
    ASMAN et al,
20
              Defendants.
21

22  PROPOUNDING PARTY:    Plaintiff DIANNE MALLIA, individually

23  RESPONDING PARTY:     Defendant DIANA TOCHE

24  SET NUMBER:           ONE

25                    **PRELIMINARY STATEMENT**

26       These responses are made solely for the purpose of this action.  Each response is subject

27  to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

28  all other objections and grounds that would require the exclusion of any statements herein, if any

    DEF. TOCHE'S RESPONSES TO PL'S REQUEST
    FOR PRODUCTION, SET ONE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1  requests were asked for, or if any statement contained herein were made by a witness present and

2  testifying in court, all of which objections and grounds are reserved and may be interposed at the

3  time of trial.

4    Responding party is responding to all of the requests to the extent that information has

5  become known to her. However, responding party's discovery, investigation, and preparation for

6  trial of this matter has not been completed as of the date of these responses and, therefore,

7  responding party does not purport to state anything more than information currently known and

8  discovered by her.

9    Responding party reserves the right to continue discovery and investigation in this matter

10  regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11  herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12  are responded to fully and so far as information is currently available to responding party; and

13  responding party is not precluded from presenting at trial information discovered after the date of

14  these responses.

15    This Preliminary Statement is incorporated into each and every response set forth below.

16  **RESPONSES**

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

18    Objection. See objections stated in Response to Plaintiff's Requests for Admission and

19  incorporated by reference hereto respectfully. Defendant further objects to the extent this request

20  seeks documents protected by attorney-client privilege and the work production doctrine. This

21  request is further burdensome, oppressive, harassing, vague and ambiguous as to time, and not

22  reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing,

23  and Defendant reserves the right to amend or supplement this response as appropriate in the future.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25    Objection. See objections stated in Response to Plaintiff's Request for Admission and

26  incorporated by reference hereto respectfully. Defendant further objects to the extent this request

27  seeks documents protected by attorney-client privilege and the work production doctrine. This

28  request is further burdensome, oppressive, harassing, vague and ambiguous as to time, and not

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1   reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing,

2   and Defendant reserves the right to amend or supplement this response as appropriate in the future.

3

4   Dated:  December 14, 2023          MCNAMARA, AMBACHER, WHEELER,
                                       HIRSIG & GRAY LLP
5

6                                      By:  _Daniel Mayer_____

7                                            Peter J. Hirsig
                                             Maria Zhurnalova-Juppunov
8                                            Daniel R. Mayer
                                             Attorneys for Defendants ADAMS, ANDALUZ,
9                                            ASHE, ASMAN, BRANMAN, BRIZENDINE,
                                             BROCKENBOROGH, CEBALLOS, HEATLEY, J.
10                                           JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
                                             RAMKUMAR, REKART, ROBINSON, RUDAS, M.
11                                           SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

Exhibit E

1  THOMAS J. SCHMITZ
2  DIANNE MALLIA
   404 Atkinson St.
3  Roseville, CA 95678
   (707) 694-8158
4  tsfoot49@gmail.com
5  deedamallia@gmail.com
   PRO SE
6
                    **UNITED STATES DISTRICT COURT**
7
                    **EASTERN DISTRICT OF CALIFORNIA**
8
9   THOMAS SCHMITZ, et al.,                NO. 2:20-cv00195-DJC-CKD

10                           Plaintiffs,

11                    vs.                    **PLAINTIFF DIANNE MALLIA's**
    A ASMAN, et al.,                         **INTERROGATORIES TO**
12                                           **DEFENDANT JOHN REKART, SET**
                                             **ONE**
13                                           **COMPLAINT FILED: 1/27/2020**

14                           Defendants.

15

16

17

18

19

20  PROPOUNDING PARTY:        Plaintiff DIANNE MALLIA, individually
21

22  RESPONDING PARTY:         Defendant John REKART
23

24  SET NUMBER:       ONE
25  In accordance with Rule 33 of the Federal Rules of Civil Procedure,
26  Plaintiff requests that Defendant John REKART answer the following
27  interrogatories under oath, and that the answers be signed by the person
28
                                                                        1

making them and be served on plaintiffs within 30 days of service of these interrogatories.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes.

## I. DEFINITIONS AND SCOPE

## A. DEFINITIONS

1. The terms "RESPONDING PARTY," "YOU," or "YOUR" refer to, without limitation, Defendant John REKART.

2. As used herein, "PLAINTIFFS" shall refer to Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually.

3. "RELATE" or "RELATING TO" means referring, regarding, describing, referencing, or pertaining, supporting, or refuting, in any manner whatsoever, in whole or in part, directly or indirectly, implicitly or explicitly.

4. "Any" and "All," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

5. "INCLUDING" means "including, but not limited to," and is not to be construed to limit a request.

6.   "COLEMAN" refers to the "COLEMAN v. Wilson "(now Coleman v. Newsom) case. AS described on CDCR.ca.gov website. "On September 13, 1995, a federal court in Sacramento ruled that the CDCR is not providing adequate mental health care. The ruling was in a case called *Coleman v. Wilson* (now *Coleman v. Newsom)*. The case covers all prisoners with serious mental disorders housed in California state prisons. The case continues today."

7.  In interpreting these requests, any masculine, feminine or neutral term includes all other genders; the singular includes the plural and vice versa; the words "or," "and" and "and/ or," shall be read in the conjunctive and in the disjunctive whenever they appear, and shall be read to bring within the scope of request the broadest amount of information.

8. If in answering these interrogatories YOU claim any ambiguity, identify in YOUR response the language YOU consider ambiguous and state the interpretation YOU are using in responding.

# III. INTERROGATORIES

INTERROGATORY NO. 1:
Identify all of YOUR duties while Chief Psychologist of Quality Management at CDCR headquarters.

INTERROGATORY NO. 2:
Identify all of YOUR responsibilities relating to enacting the *Coleman* mandates while employed at CDCR.

////
////
////
/////
////
/////

3



INTERROGATORY NO. 3:

Identify all information YOU received relating to CDCR's inability to reach a vacancy rate for mental health providers of below during YOUR time as employed at CDCR.

Dated: October 7, 2023                              By,

Dianne Mallia

Dianne Mallia

PLAINTIFF DIANNE MALLIA'S SPECIAL INTER. , SET ONE TO DEFENDANT John REKART, NO. 2:20-cv00195-DJC-CKD



PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
639 Kentucky Street
Fairfield, CA 94533-5530
Telephone: (707) 427-3998
Facsimile:  (707) 427-0268

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ASMAN et al,<br><br>Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANT JOHN REKART'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**<br><br>Action Filed:  7/16/2020 |

PROPOUNDING PARTY:   Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:   Defendant JOHN REKART

SET NUMBER:   ONE

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein, if any

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1    requests were asked for, or if any statement contained herein were made by a witness present and

2    testifying in court, all of which objections and grounds are reserved and may be interposed at the

3    time of trial.

4         Responding party is responding to all of the requests to the extent that information has

5    become known to her. However, responding party's discovery, investigation, and preparation for

6    trial of this matter has not been completed as of the date of these responses and, therefore,

7    responding party does not purport to state anything more than information currently known and

8    discovered by her.

9         Responding party reserves the right to continue discovery and investigation in this matter

10   regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11   herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12   are responded to fully and so far as information is currently available to responding party; and

13   responding party is not precluded from presenting at trial information discovered after the date of

14   these responses.

15        This Preliminary Statement is incorporated into each and every response set forth below.

16                                     **RESPONSES**

17   <u>**RESPONSE TO INTERROGATORY NO. 1:**</u>

18        Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

19   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

20   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

21   the future.

22   <u>**RESPONSE TO INTERROGATORY NO. 2:**</u>

23        Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

24   and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

25   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

26   the future.

27

28

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

Dated: December 14, 2023

McNamara, Ambacher, Wheeler,
Hirsig & Gray LLP


By: _____ *Daniel Mayer* _____
    Peter J. Hirsig
    Maria Zhurnalova-Juppunov
    Daniel R. Mayer
    Attorneys for Defendants ADAMS, ANDALUZ,
    ASHE, ASMAN, BRANMAN, BRIZENDINE,
    BROCKENBOROGH, CEBALLOS, HEATLEY, J.
    JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
    RAMKUMAR, REKART, ROBINSON, RUDAS, M.
    SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

DEF. REKART'S RESPONSES TO PL'S
INTERROGATORIES, SET ONE

3



THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St.
Roseville, CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | NO. 2:20-cv00195-DJC-CKD |
| Plaintiffs, | |
| vs. | **PLAINTIFF DIANNE MALLIA's REQUEST FOR ADMISSIONS TO DEFENDANT JOHN REKART, SET ONE** |
| A ASMAN, et al., | **COMPLAINT FILED: 1/27/2020** |
| Defendants. | |

PROPOUNDING PARTY:        Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:        Defendant JOHN REKART

SET NUMBER:        ONE

Plaintiff DIANNE MALLIA hereby requests that Defendant JOHN REKART pursuant to Federal Rule of Civil Procedure ("FRCP") 36, answer the following Requests for Admission within thirty (30) days of service of this Request.

1

These Requests for Admission require a written response to be served within thirty (30) days after service thereof pursuant to FRCP 36. Said Response must be under oath and must address each requested item separately. Failure to serve a timely, Response acts as a waiver of any and all objections to this Request including those based on privilege and work product and may also act to be deemed admissions to those matters set forth herein.

In responding to this Request, you are required to use all information that is known or available to you, including, but not limited to, your personal knowledge; information obtainable by a diligent search of sources of information available to you; and information in the possession of or available to any person or persons acting on your behalf, under your control, or under the control of your attorneys, agents, servants, or representatives.

## DEFINITIONS

The following definitions apply to these requests, regardless of the upper or low case of the words used in the requests:

"ALL" means any and all.

"YOU" or "YOUR" means specific Responding Party listed above and/or Defendant.

"COLEMAN" refers to  the "COLEMAN v. Wilson "(now Coleman v. Newsom) case. AS described on CDCR.ca.gov website. "On September 13, 1995, a federal court in Sacramento ruled that the CDCR is not providing adequate mental health care. The ruling was in a case called *Coleman v. Wilson* (now *Coleman v. Newsom)*. The case covers all prisoners with serious mental disorders housed in California state prisons. The case continues today."

If responding party finds any words as vague or ambiguous, the words are used as defined in the Merriam-Webster Dictionary, New Edition, 2022 Copyright and responding party should use those definitions in formulating a response.

If in answering these requests YOU claim any ambiguity, identify in YOUR response the language YOU consider ambiguous and state the interpretation YOU are using in responding.

2



**REQUEST FOR ADMISSION NO. 1:**

Admit that ALL documents disclosed by YOU are true and accurate copies of the original documents.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU knew CDCR was mandated  in *Coleman* to keep a vacancy rate of less than 10% for mental health providers during the entire time YOU were employed with CDCR.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU knew the vacancy rate for all required mental health providers was never below 10% for Mule Creek State Prison during YOUR time employed with CDCR.

**REQUEST FOR ADMISSION NO.  4:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware that some CDCR psychiatrists  were concerned they were unable to provide psychiatric care up to community standards.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU knew failure to enact the *Coleman* mandate results in ongoing constitutional violations of mentally ill within CDCR.

 **REQUEST FOR ADMISSION NO. 6:**

Admit that YOU knew failure to keep a vacancy rate of less than 10% for mental health providers at Mule Creek State Prison resulted in prisoners with serious mental disorders, like William Schmitz, from receiving the frequency of care detailed in the Mental Health Services Delivery System Program Guide.

3



**REQUEST FOR ADMISSION NO. 7:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU could have directed more resources to hiring and retaining mental health providers within CDCR.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU were aware the majority of individual cases of *Coleman* class members at Mule Creek State Prison reviewed by the Special Master were found to have inadequate care as defined in the Special Master reports.

**REQUEST FOR ADMISSION NO. 9:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware of the concerns by CDCR psychiatrists that psychologists were practicing above their scope of practice.

**REQUEST FOR ADMISSION NO. 10:**

Admit that from the time YOU were Chief Psychologist of Quality Management at CDCR  until the date of William Schmitz death on January 21, 2019 CDCR did not have enough psychiatrists to provide the amount of services mandated by the MHSDS Program Guide.

**REQUEST FOR ADMISSION NO. 11:**

Admit that from the time YOU were Chief Psychologist of Quality Management at CDCR until the date of William Schmitz death on January 21, 2019 that the *Coleman* court had found the insufficient mental health staffing  results in ongoing violations of the constitution to *Coleman* members.

4



**REQUEST FOR ADMISSION NO. 12:**

Admit that from the time YOU were Chief Psychologist of Quality Management at CDCR until the date of William Schmitz death on January 21, 2019 that the *Coleman* court had never found the mental health care provided to CDCR mentally health inmates to be consistent with the community standards.

**REQUEST FOR ADMISSION NO. 13:**

Admit from the time YOU were Chief Psychologist of Quality Management at CDCR until the date of William Schmitz death on January 21, 2019 YOU could have directed more mental health resources to Mule Creek State Prison.

**REQUEST FOR ADMISSION NO. 14:**

Admit the ability of a CDCR institution to provide care mandated by Mental Health Program guide directly depends on the number of psychiatrists available at the institution.

**REQUEST FOR ADMISSION NO. 15:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware that CDCR psychiatrists were concerned the medical record system was not sufficient to provide psychiatric care up to community standards.

**REQUEST FOR ADMISSION NO. 16:**

Admit from the time YOU were Chief Psychologist of Quality Management at CDCR until the date of William Schmitz death on January 21, 2019, there were not enough psychiatrists at MCSP to provide a minimal constitutional level of mental health care to the mentally ill inmates.

**REQUEST FOR ADMISSION NO. 17:**

Admit that  failure to meet the *Coleman* mandates results in the deaths of mentally ill individuals.

**REQUEST FOR ADMISSION NO. 18:**

Admit that allowing non- psychiatrists to over rule decisions by psychiatrists regarding care of mentally ill endangers mentally ill.

**REQUEST FOR ADMISSION NO. 19:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware that CDCR psychiatrists were unable to attend IDTT meetings due to their workload.

**REQUEST FOR ADMISSION NO. 20:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware that CDCR psychiatrists were unable to meet with inmates in the EOP at the frequency mandated by the Program Guide due to their individual workloads.

**REQUEST FOR ADMISSION NO. 21:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware that CDCR psychiatrists were leaving CDCR due to ethical concerns of working within CDCR.

**REQUEST FOR ADMISSION NO. 22:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware that CDCR psychiatrists were concerned psychologists were performing tasks that were above their scope of practice.



**REQUEST FOR ADMISSION NO. 23:**

Admit that during YOUR time as Chief Psychologist of Quality Management at CDCR, YOU were aware that some CDCR psychiatrists were concerned they were unable to provide psychiatric care up to community standards.

Dated: October 7, 2023                                    By,

                                        _Dianne Mallia_

                                        Dianne Mallia

*Exhibit F2*

PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
639 Kentucky Street
Fairfield, CA 94533-5530
Telephone: (707) 427-3998
Facsimile:  (707) 427-0268

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ASMAN et al,<br><br>Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANT JOHN REKART'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE**<br><br>Action Filed:  7/16/2020 |

PROPOUNDING PARTY:     Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:     Defendant JOHN REKART

SET NUMBER:          ONE

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. Each response is subject

to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. REKART'S RESPONSES TO PL'S
REQUEST FOR ADMISSION, SET ONE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE  (707) 427-0268

F2-2

1   requests were asked for, or if any statement contained herein were made by a witness present and

2   testifying in court, all of which objections and grounds are reserved and may be interposed at the

3   time of trial.

4        Responding party is responding to all of the requests to the extent that information has

5   become known to her. However, responding party's discovery, investigation, and preparation for

6   trial of this matter has not been completed as of the date of these responses and, therefore,

7   responding party does not purport to state anything more than information currently known and

8   discovered by her.

9        Responding party reserves the right to continue discovery and investigation in this matter

10   regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11   herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12   are responded to fully and so far as information is currently available to responding party; and

13   responding party is not precluded from presenting at trial information discovered after the date of

14   these responses.

15        This Preliminary Statement is incorporated into each and every response set forth below.

16                                     **RESPONSES**

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

18        Objection. Defendant is not the duly authorized Custodian of Records and is not authorized

19   to certify the records, pursuant to Federal Rules of Civil Procedure 44. This request is moreover

20   burdensome, oppressive, harassing, vague and ambiguous, including as to time, and not reasonably

21   calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and

22   Defendant reserves the right to amend or supplement this response as appropriate in the future.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

24        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

25   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

26   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

27   the future.

28   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

2 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

3 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

4 the future.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

6         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

7 including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

8 Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

9 as appropriate in the future.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

11         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

12 including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

13 Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

14 as appropriate in the future.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

16         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

17 including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

18 Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

19 as appropriate in the future.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

22 including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

23 Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

24 as appropriate in the future.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

26         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

27 including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

28 Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1    as appropriate in the future.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

3         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

4    not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

5    ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

6    the future.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

8         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

9    not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

10   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

11   the future.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

13        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

14   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

15   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

16   the future.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

18        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

19   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

20   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

21   the future.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

23        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

24   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

25   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

26   the future.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

28        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1  including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

2  Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

3  as appropriate in the future.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

5      Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

6  not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

7  ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

8  the future.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

10     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

11 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

12 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

13 the future.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

15     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

16 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

17 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

18 the future.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

20     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

21 including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

22 Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

23 as appropriate in the future.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25     Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

26 not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

27 ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

28 the future.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

*F2-7*

1    Dated: December 14, 2023      MCNAMARA, AMBACHER, WHEELER,
                                      HIRSIG & GRAY LLP

By: _____*Daniel Mayer*_____
          Peter J. Hirsig
          Maria Zhurnalova-Juppunov
          Daniel R. Mayer
          Attorneys for Defendants ADAMS, ANDALUZ,
          ASHE, ASMAN, BRANMAN, BRIZENDINE,
          BROCKENBOROGH, CEBALLOS, HEATLEY, J.
          JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
          RAMKUMAR, REKART, ROBINSON, RUDAS, M.
          SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

Exhibit E

G

1   THOMAS J. SCHMITZ
    DIANNE MALLIA
2   404 Atkinson St,
    Roseville, CA 95678
3   (707) 694-8158
4   tsfoot49@gmail.com
    deedamallia@gmail.com
5   PRO SE

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8   **THOMAS SCHMITZ, et al.,**                    NO. 2:2020cv00195-DJC-CKD

9
                                    **Plaintiffs,**
10                     **vs.**

11  **A ASMAN, et al.,**                           **PLAINTIFF DIANNE MALLIA's**
                                                   **REQUESTS FOR PRODUCTION**
12                                                 **OF DOCUMENTS TO**
                                                   **DEFENDANT** John REKART**, SET**
13  **Defendants**.                                **ONE**

14

15                                                 Complaint filed: 1/27/2020
16
                                                   Trial date: None Set
17

18

19

20  **PROPOUNDING PARTY:**  Plaintiff Dianne Mallia

21  **RESPONDING PARTY:**    Defendant JOHN REKART

22  **SET NUMBER:**      ONE

23          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Dianne

24  Mallia hereby requests that Defendant JOHN REKART produce electronic copies of the

25  documents and things requested herein within 30 days after service of this request, via E-mail to

26  tsfoot49@gmail.com and deedamallia@gmail.com. Production may also be satisfied by serving

27  by mail to Plaintiff address, 404 Atkinson St, Roseville, CA 95678, legible copies of the items to

28  be produced accompanied by a written affidavit stating that they are true copies no more than

Exhibit G-2

thirty (30) days after service of this Request. If any document is two-sided, a copy of both front and back is required. Any objection or request for extension of items below does not extend the deadline of the other items.

## I.   DEFINITIONS AND SCOPE

## A.   DEFINITIONS

1.   The terms "RESPONDING PARTY," "YOU," or "YOUR" refer to, without limitation, Defendant JOHN REKART;.

2.   As used herein, "PLAINTIFFS" shall refer to Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually.

3.   The term "DOCUMENT" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes the original and every non-identical copy or reproduction in YOUR possession, custody, or control, and further is used in a broad sense to refer to any tangible object or electronic image or file that contains, conveys, or records information. DOCUMENT has the broadest possible meaning and includes anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  DOCUMENT includes, but is not limited to, all of the following:  papers, COMMUNICATIONS, correspondence, emails, MS Excel files, MS Word files, MS PowerPoint files, text files, text messages, instant messages, postings on internet websites or blogs or social media including Twitter and Facebook, training manuals, employee manuals, policy statements, trade letters, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings and transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, maps, plans, graphs, computer programs, photographs, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, orders, resolutions, agendas, memorials or notes of oral communications (whether by telephone or face-to-face), contracts, agreements,

memoranda of understanding, and letters of intent.  DOCUMENT includes any writings recorded or stored in any medium or location, including desktop computers, laptops, PDAs, cell phones, home computers used for work, calendars, computer tapes, computer drives or memories, computer diskettes or disks, email, CD-ROMs, DVDs, BlackBerrys, iPhones, or other similar handheld devices used to send and receive electronic mail, instant messaging ("IM"), blog or other internet or intranet posting, text messages, Twitter postings, Facebook postings, social media websites, cloud storage services such as DropBox and Google+, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced.  DOCUMENT also includes all notations on any of the foregoing; all originals, file copies or other unique copies of the foregoing; all versions or drafts of the foregoing, whether used or not; and all metadata.

4. "ELECTRONICALLY STORED INFORMATION" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

5. "NATIVE FORMAT" means the format of ESI in the application in which such ESI was originally created.

6. "RELATE" or "RELATING TO" means referring, regarding, describing, referencing, or pertaining, supporting, or refuting, in any manner whatsoever, in whole or in part, directly or indirectly, implicitly or explicitly.

7. "Any" and "All," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

8. "INCLUDING" means "including, but not limited to," and is not to be construed to limit a request.

9. In interpreting these requests, any masculine, feminine or neutral term includes all other genders; the singular includes the plural and vice versa; the words "or," "and" and "and/or," shall be read in the conjunctive and in the disjunctive whenever they appear, and shall be read to bring within the scope of request the broadest amount of information.

**B.      SCOPE**



1.      Requests for production of DOCUMENTS are inclusive of requests for ELECTRONICALLY STORED INFORMATION.

## II. INSTRUCTIONS

1.      For each item or category, YOUR written response must either state that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons for the objection. An objection to part of a request must specify the part and permit inspection of the rest. (Fed. R. Civ. P. 34(b)).

2.      Documents shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in the request. (Fed. R. Civ. P. 34(b)(i)).

3.      If YOU produce a document that falls within the specifications of more than one request, please identify each request to which the document responds.

4.      Responsive documents shall be produced without deletion or redaction and include all notes, cover memoranda, routing slips, appendices, drafts, revisions, attachments and enclosures.

5.      In responding to the following requests, YOU are required to furnish such information as is under YOUR possession, custody, or control, including but not limited to information in the possession of YOUR investigators, employees, agents, representatives, guardians, attorneys, investigators for YOUR attorneys, or any other person or persons acting on YOUR behalf.

6.      If YOU cannot fully produce the documents requested below after exercising due diligence to secure them, respond and produce the document(s) to the extent possible, specify the portion of any request for production of documents to which YOU are unable fully to respond, state the facts upon which YOU base YOUR contention that YOU are unable fully to respond to such portion, and state any knowledge, information, or belief YOU have concerning such portion.

7.      If YOU object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, YOU are requested to identify each basis on which the document is being withheld and give all information required by applicable case law, including but not limited to the following:

(a)      The name of the writer, sender, or initiator of each copy of the document

(b)    The name of the recipient, addressee, or party to whom any copy of the

document was sent, or who received any copy of the document;

(c)    The date of each copy of the document, if any, or if the date is

unavailable, an estimate of its date;

(d)    A statement of the basis for the claim of privilege; and

(e)    A description of the document sufficient for the Court to rule on the

applicability and appropriateness of the claimed privilege.

8.    If in answering these requests YOU claim any ambiguity in either a request or a

definition or instruction applicable thereto, identify in YOUR response the language YOU

consider ambiguous and state the interpretation YOU are using in responding.

9.    If YOU or YOUR attorneys know of the existence, past or present, or any

document described in any of these requests, but such document is not presently in YOUR

possession, custody, or control or in the possession, custody, or control of YOUR agents,

representatives, or attorneys, YOU shall so state in response to the request, identify such

document in response to the request, and identify the individual in whose possession, custody, or

control the document was last known to reside.  If any responsive documents have been

destroyed or otherwise removed from YOUR custody or control, please state when, how, and

why such document was destroyed or removed from YOUR custody.

10.    The obligation to provide the documents and things sought by these discovery

requests is continuing pursuant to the requirements of Rule 26(e) of the Federal Rules of Civil

Procedure.

### III. REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents relevant to any answer to the Requests for Admission, Set One,

propounded by Plaintiff Dianne Mallia that does not constitute an unequivocal admission.

////

////

////

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents relevant to any answer to the INTERROGATORIES, Set One, from Plaintiff Dianne Mallia.

Dated:  October 7, 2023                                    Respectfully Submitted,

*Dianne Mallia*

                                                          Dianne Mallia

1  PETER J. HIRSIG (State Bar No. 197993)
   peter.hirsig@mcnamaralaw.com
2  MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
   maria.zhurnalova-juppunov@mcnamaralaw.com
3  DANIEL R. MAYER (State Bar No. 300077)
   daniel.mayer@mcnamaralaw.com
4  McNAMARA, AMBACHER, WHEELER,
   HIRSIG & GRAY LLP
5  639 Kentucky Street
   Fairfield, CA 94533-5530
6  Telephone: (707) 427-3998
   Facsimile:  (707) 427-0268
7
   Attorneys for Defendants
8  ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
   BRIZENDINE, BROCKENBOROGH, CEBALLOS,
9  HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
   PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
10 M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

11              UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF CALIFORNIA

13

14 Estate of WILLIAM SCHMITZ, deceased,          Case No. 2:20-CV-00195-JAM-CKD
   by and through THOMAS J. SCHMITZ
15 and DIANNE MALLIA, as Successors in           **DEFENDANT JOHN REKART'S**
   Interest; THOMAS SCHMITZ,                     **RESPONSES TO PLAINTIFF'S**
16 Individually; and DIANNE MALLIA,              **REQUESTS FOR PRODUCTION OF**
   Individually,                                 **DOCUMENTS, SET ONE**
17
                 Plaintiffs,                     Action Filed:  7/16/2020
18
        vs.
19
   ASMAN et al,
20
                 Defendants.
21

22 PROPOUNDING PARTY:    Plaintiff DIANNE MALLIA, individually

23 RESPONDING PARTY:     Defendant JOHN REKART

24 SET NUMBER:           ONE

25                    **PRELIMINARY STATEMENT**

26        These responses are made solely for the purpose of this action.  Each response is subject

27 to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

28 all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. REKART'S RESPONSES TO PL'S
REQUEST FOR PRODUCTION, SET ONE

1   requests were asked for, or if any statement contained herein were made by a witness present and

2   testifying in court, all of which objections and grounds are reserved and may be interposed at the

3   time of trial.

4       Responding party is responding to all of the requests to the extent that information has

5   become known to her. However, responding party's discovery, investigation, and preparation for

6   trial of this matter has not been completed as of the date of these responses and, therefore,

7   responding party does not purport to state anything more than information currently known and

8   discovered by her.

9       Responding party reserves the right to continue discovery and investigation in this matter

10   regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11   herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12   are responded to fully and so far as information is currently available to responding party; and

13   responding party is not precluded from presenting at trial information discovered after the date of

14   these responses.

15       This Preliminary Statement is incorporated into each and every response set forth below.

16   **RESPONSES**

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

18       Objection. See objections stated in Response to Plaintiff's Requests for Admission and

19   incorporated by reference hereto respectfully. Defendant further objects to the extent this request

20   seeks documents protected by attorney-client privilege and the work production doctrine. This

21   request is further burdensome, oppressive, harassing, vague and ambiguous as to time, and not

22   reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing,

23   and Defendant reserves the right to amend or supplement this response as appropriate in the future.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25       Objection. See objections stated in Response to Plaintiff's Request for Admission and

26   incorporated by reference hereto respectfully. Defendant further objects to the extent this request

27   seeks documents protected by attorney-client privilege and the work production doctrine. This

28   request is further burdensome, oppressive, harassing, vague and ambiguous as to time, and not

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET: FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

G-2 -3

1    reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing,

2    and Defendant reserves the right to amend or supplement this response as appropriate in the future.

4    Dated: December 14, 2023       McNAMARA, AMBACHER, WHEELER,
                               HIRSIG & GRAY LLP

6

7                 By: _____ *Daniel Mayer* _____
                           Peter J. Hirsig

8                            Maria Zhurnalova-Juppunov
                           Daniel R. Mayer

9                            Attorneys for Defendants ADAMS, ANDALUZ,
                           ASHE, ASMAN, BRANMAN, BRIZENDINE,

10                          BROCKENBOROGH, CEBALLOS, HEATLEY, J.
                         JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,

11                          RAMKUMAR, REKART, ROBINSON, RUDAS, M.
                         SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1  THOMAS J. SCHMITZ
2  DIANNE MALLIA
   404 Atkinson St.
3  Roseville, CA 95678
   (707) 694-8158
4  tsfoot49@gmail.com
5  deedamallia@gmail.com
   PRO SE
6
                    **UNITED STATES DISTRICT COURT**
7
                    **EASTERN DISTRICT OF CALIFORNIA**
8
9  THOMAS SCHMITZ, et al.,                NO. 2:20-cv00195-DJC-CKD

10                          Plaintiffs,

11            vs.                          **PLAINTIFF DIANNE MALLIA's**
   A ASMAN, et al.,                       **INTERROGATORIES TO**
12                                         **DEFENDANT RALPH DIAZ, SET**
                                           **ONE**
13                                         **COMPLAINT FILED: 1/27/2020**
                            Defendants.
14

15

16

17

18

19

20
   PROPOUNDING PARTY:        Plaintiff DIANNE MALLIA, individually
21

22
   RESPONDING PARTY:         Defendant RALPH DIAZ
23

24
   SET NUMBER:        ONE
25  In accordance with Rule 33 of the Federal Rules of Civil Procedure,
26  Plaintiff requests that Defendant RALPH DIAZ answer the following
27  interrogatories under oath, and that the answers be signed by the person
28

                                                                        1

making them and be served on plaintiffs within 30 days of service of these interrogatories.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes.

## I. DEFINITIONS AND SCOPE

## A. DEFINITIONS

1. The terms "RESPONDING PARTY," "YOU," or "YOUR" refer to, without limitation, Defendant RALPH DIAZ;.

2. As used herein, "PLAINTIFFS" shall refer to Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually.

3. "RELATE" or "RELATING TO" means referring, regarding, describing, referencing, or pertaining, supporting, or refuting, in any manner whatsoever, in whole or in part, directly or indirectly, implicitly or explicitly.

4. "Any" and "All," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

5. "INCLUDING" means "including, but not limited to," and is not to be construed to limit a request.

6. "COLEMAN" refers to the "COLEMAN v. Wilson "(now Coleman v. Newsom) case. AS described on CDCR.ca.gov website. "On

September 13, 1995, a federal court in Sacramento ruled that the CDCR is not providing adequate mental health care. The ruling was in a case called *Coleman v. Wilson* (now *Coleman v. Newsom*). The case covers all prisoners with serious mental disorders housed in California state prisons. The case continues today."

7.  In interpreting these requests, any masculine, feminine or neutral term includes all other genders; the singular includes the plural and vice versa; the words "or," "and" and "and/ or," shall be read in the conjunctive and in the disjunctive whenever they appear, and shall be read to bring within the scope of request the broadest amount of information.

8. If in answering these interrogatories YOU claim any ambiguity, identify in YOUR response the language YOU consider ambiguous and state the interpretation YOU are using in responding.

### III. INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all of YOUR duties while  Acting Secretary for CDCR.

**INTERROGATORY NO. 2:**

Identify all of YOUR responsibilities relating to enacting the *Coleman* mandates while Acting Secretary for CDCR.

**INTERROGATORY NO. 3:**

Identify all information YOU received relating to CDCR's inability to reach a vacancy rate for mental health providers of below 10% at Mule Creek State Prison during YOUR time as acting Secretary for  CDCR.

**INTERROGATORY NO. 4:**

Identify all information relating to any investigations into Joe Lizarraga while he was Warden of Mule Creek State Prison.

**INTERROGATORY NO. 5:**

Identify ALL documents received from employees at MCSP relating to violations of CDCR rules by Joe Lizarraga while he was Warden of Mule Creek State Prison.

**INTERROGATORY NO. 6:**

Identify ALL documents relating to violations of CDCR rules by Joe Lizarraga while he was Warden of Mule Creek State Prison.

**INTERROGATORY NO. 7:**

Identify ALL proposals relating to decreasing mental health provider vacancies from January 1, 2015 until January 30, 2019.

**INTERROGATORY NO. 8:**

Identify the earliest date YOU were notified of Joe Lizarraga potentially violating CDCR regulations.

**INTERROGATORY NO. 9:**

Identify ALL documents relating to ALL deaths within CDCR between from January 1, 2010 in which custody staff monitoring of inmates was a factor.

**INTERROGATORY NO. 10:**

Identify all documents relating to the duties of individuals who played a role in hiring of mental health providers at Mule Creek State Prison between January 1, 2010 and January 22, 2019.

4

**INTERROGATORY NO. 11:**

Identify ALL documents relating to the policies of CDCR compliance with the AMERICAN
CORRECTIONAL ASSOCIATION STANDARDs.

Dated: October 7, 2023                              By,

*Diane Mallia*

                                        Dianne Mallia

5

1  PETER J. HIRSIG (State Bar No. 197993)
   peter.hirsig@mcnamaralaw.com
2  MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
   maria.zhurnalova-juppunov@mcnamaralaw.com
3  DANIEL R. MAYER (State Bar No. 300077)
   daniel.mayer@mcnamaralaw.com
4  McNAMARA, AMBACHER, WHEELER,
   HIRSIG & GRAY LLP
5  639 Kentucky Street
   Fairfield, CA 94533-5530
6  Telephone: (707) 427-3998
   Facsimile:  (707) 427-0268
7
   Attorneys for Defendants
8  ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
   BRIZENDINE, BROCKENBOROGH, CEBALLOS,
9  HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
   PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
10 M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13

14 Estate of WILLIAM SCHMITZ, deceased,          Case No. 2:20-CV-00195-JAM-CKD
   by and through THOMAS J. SCHMITZ
15 and DIANNE MALLIA, as Successors in           **DEFENDANT RALPH DIAZ'S**
   Interest; THOMAS SCHMITZ,                     **RESPONSES TO PLAINTIFF'S SPECIAL**
16 Individually; and DIANNE MALLIA,              **INTERROGATORIES, SET ONE**
   Individually,
17                                               Action Filed:  7/16/2020
            Plaintiffs,
18
         vs.
19
   ASMAN et al,
20
            Defendants.
21

22 PROPOUNDING PARTY:   Plaintiff DIANNE MALLIA, individually

23 RESPONDING PARTY:    Defendant RALPH DIAZ

24 SET NUMBER:          ONE

25                    **PRELIMINARY STATEMENT**

26        These responses are made solely for the purpose of this action.  Each response is subject

27 to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

28 all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. DIAZ'S RESPONSES TO PL'S
INTERROGATORIES, SET ONE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1   requests were asked for, or if any statement contained herein were made by a witness present and

2   testifying in court, all of which objections and grounds are reserved and may be interposed at the

3   time of trial.

4   Responding party is responding to all of the requests to the extent that information has

5   become known to her. However, responding party's discovery, investigation, and preparation for

6   trial of this matter has not been completed as of the date of these responses and, therefore,

7   responding party does not purport to state anything more than information currently known and

8   discovered by her.

9   Responding party reserves the right to continue discovery and investigation in this matter

10   regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11   herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12   are responded to fully and so far as information is currently available to responding party; and

13   responding party is not precluded from presenting at trial information discovered after the date of

14   these responses.

15   This Preliminary Statement is incorporated into each and every response set forth below.

16                                              **RESPONSES**

17   **RESPONSE TO INTERROGATORY NO. 1:**

18   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

19   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

20   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

21   as appropriate in the future.

22   **RESPONSE TO INTERROGATORY NO. 2:**

23   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

24   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

25   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

26   as appropriate in the future.

27   **RESPONSE TO INTERROGATORY NO. 3:**

28   Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

H2-3

including as to time, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 4**

Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 5**

Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. This interrogatory is burdensome, oppressive, harassing, vague, and ambiguous. Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in the future.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1    **RESPONSE TO INTERROGATORY NO. 10:**

2         Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

3    and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

4    ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

5    the future.

6    **RESPONSE TO INTERROGATORY NO. 11:**

7         Objection. This interrogatory is burdensome, oppressive, harassing, vague and ambiguous,

8    and not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

9    ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

10   the future.

11

12   Dated: December 14, 2023          McNAMARA, AMBACHER, WHEELER,
                                        HIRSIG & GRAY LLP
13

14
                                        By: _Daniel Mayer_____
15                                          Peter J. Hirsig
                                            Maria Zhurnalova-Juppunov
16                                          Daniel R. Mayer
                                            Attorneys for Defendants ADAMS, ANDALUZ,
17                                          ASHE, ASMAN, BRANMAN, BRIZENDINE,
                                            BROCKENBOROGH, CEBALLOS, HEATLEY, J.
18                                          JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
                                            RAMKUMAR, REKART, ROBINSON, RUDAS, M.
19                                          SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

20

21

22

23

24

25

26

27

28

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

EXHIBIT I

1  THOMAS J. SCHMITZ
2  DIANNE MALLIA
   404 Atkinson St.
3  Roseville, CA 95678
   (707) 694-8158
4  tsfoot49@gmail.com
5  deedamallia@gmail.com
   PRO SE
6
                    **UNITED STATES DISTRICT COURT**
7
                    **EASTERN DISTRICT OF CALIFORNIA**
8
9  THOMAS SCHMITZ, et al.,                    NO. 2:20-cv00195-DJC-CKD

10                              Plaintiffs,
11                vs.                         **PLAINTIFF DIANNE MALLIA'S**
   A ASMAN, et al.,                          **REQUEST FOR ADMISSIONS TO**
12                                            **DEFENDANT RALPH DIAZ, SET**
                                             **ONE**
13                                            **COMPLAINT FILED: 1/27/2020**
                                Defendants.
14
15
16
17
18
19
20
21 PROPOUNDING PARTY:        Plaintiff DIANNE MALLIA, individually
22
23 RESPONDING PARTY:         Defendant RALPH DIAZ
24
25 SET NUMBER:      ONE
26 Plaintiff DIANNE MALLIA hereby requests that Defendant RALPH DIAZ pursuant to Federal
27 Rule of Civil Procedure ("FRCP") 36, answer the following Requests for Admission within
28 thirty (30) days of service of this Request.

      These Requests for Admission require a written response to be served within thirty (30)

                                                                                            1

PLAINTIFF DIANNE MALLIA'S RFA, SET ONE TO DEFENDANT RALPH DIAZ., NO. 2:20-cv00195-DJC-CKD

days after service thereof pursuant to FRCP 36. Said Response must be under oath and must address each requested item separately. Failure to serve a timely, Response acts as a waiver of any and all objections to this Request including those based on privilege and work product and may also act to be deemed admissions to those matters set forth herein.

In responding to this Request, you are required to use all information that is known or available to you, including, but not limited to, your personal knowledge; information obtainable by a diligent search of sources of information available to you; and information in the possession of or available to any person or persons acting on your behalf, under your control, or under the control of your attorneys, agents, servants, or representatives.

## **DEFINITIONS**

The following definitions apply to these requests, regardless of the upper or low case of the words used in the requests:

"ALL" means any and all.

"YOU" or "YOUR" means specific Responding Party listed above and/or Defendant.

"COLEMAN" refers to  the "COLEMAN v. Wilson "(now Coleman v. Newsom) case. AS described on CDCR.ca.gov website. "On September 13, 1995, a federal court in Sacramento ruled that the CDCR is not providing adequate mental health care. The ruling was in a case called *Coleman v. Wilson* (now *Coleman v. Newsom)*. The case covers all prisoners with serious mental disorders housed in California state prisons. The case continues today."

If responding party finds any words as vague or ambiguous, the words are used as defined in the Merriam-Webster Dictionary, New Edition, 2022 Copyright and responding party should use those definitions in formulating a response.

If in answering these requests YOU claim any ambiguity, identify in YOUR response the language YOU consider ambiguous and state the interpretation YOU are using in responding.

REQUEST FOR ADMISSION NO. 1:

Admit that all documents disclosed by YOU are true and accurate copies of the original documents.

REQUEST FOR ADMISSION NO. 2:

Admit that YOU knew CDCR was mandated in *Coleman* to keep a vacancy rate of less than 10% for mental health providers during the entire time YOU were the acting Secretary for CDCR.

REQUEST FOR ADMISSION NO. 3:

Admit that YOU knew the purpose of the *Coleman* court mandates.

REQUEST FOR ADMISSION NO. 4:

Admit that YOU knew the purpose of the *Coleman Special Master*.

REQUEST FOR ADMISSION NO. 5:

Admit that YOU knew the vacancy rate for all required mental health providers was never below 10% for Mule Creek State Prison during YOUR time as acting Secretary for CDCR.

REQUEST FOR ADMISSION NO. 9:

Admit that YOU had the responsibility to enact the *Coleman* mandates.

REQUEST FOR ADMISSION NO. 10:

Admit that YOU knew failure to keep a vacancy rate of less than 10% for mental health providers at Mule Creek State Prison resulted in prisoners with serious mental disorders, like William Schmitz, from receiving the frequency of care detailed in the Mental Health Services Delivery System Program Guide.

3



REQUEST FOR ADMISSION NO. 11:

Admit that during YOUR time as Acting Director of CDCR YOU could have directed more resources to  hiring and retaining mental health providers within CDCR.

REQUEST FOR ADMISSION NO. 12:

Admit that YOU knew failure  to keep a vacancy rate of less than 10% for mental health providers at Mule Creek State Prison resulted in prisoners with serious mental disorders receiving care below a constitutional minimum.

REQUEST FOR ADMISSION NO. 13:

Admit that YOU were aware the majority of individual cases of *Coleman* class members at MCSP reviewed by the Special Master were found to have inadequate care as defined in the Special Master reports.

REQUEST FOR ADMISSION NO. 14:

Admit that during YOUR time as Acting Director of CDCR, YOU were aware of the concerns  by CDCR psychiatrists that psychologists were practicing above their scope of practice.

REQUEST FOR ADMISSION NO. 15:

Admit that  as of September 22, 2023, Defendants have not disclosed documentation for an Initial Health Screening or Initial Health Assessment for WILLIAM SCHMITZ as described in DEF005013.

REQUEST FOR ADMISSION NO. 16:

Admit that MCSP was not accredited by the AMERICAN CORRECTIONAL ASSOCIATION STANDARDs on January 21, 2019.



1

REQUEST FOR ADMISSION NO. 17:

2

Admit that MCSP was not accredited by the AMERICAN CORRECTIONAL ASSOCIATION

3

STANDARDs on January 21, 2019.

4

5

REQUEST FOR ADMISSION NO. 18:

6

Admit that MCSP was not ready to pursue accreditation by the AMERICAN CORRECTIONAL

7

ASSOCIATION on January 21, 2019.

8

9

Date: October 7, 2023

By Diaine Mallia

10

11

Dianne Mallia

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

*Exhibit I2*

1   PETER J. HIRSIG (State Bar No. 197993)
    peter.hirsig@mcnamaralaw.com
2   MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
    maria.zhurnalova-juppunov@mcnamaralaw.com
3   DANIEL R. MAYER (State Bar No. 300077)
    daniel.mayer@mcnamaralaw.com
4   McNAMARA, AMBACHER, WHEELER,
    HIRSIG & GRAY LLP
5   639 Kentucky Street
    Fairfield, CA 94533-5530
6   Telephone: (707) 427-3998
    Facsimile:  (707) 427-0268
7
    Attorneys for Defendants
8   ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
    BRIZENDINE, BROCKENBOROGH, CEBALLOS,
9   HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
    PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
10  M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

11                  UNITED STATES DISTRICT COURT

12                  EASTERN DISTRICT OF CALIFORNIA

13

14  Estate of WILLIAM SCHMITZ, deceased,        Case No. 2:20-CV-00195-JAM-CKD
    by and through THOMAS J. SCHMITZ
15  and DIANNE MALLIA, as Successors in         **DEFENDANT RALPH DIAZ'S**
    Interest; THOMAS SCHMITZ,                   **RESPONSES TO PLAINTIFF'S REQUEST**
16  Individually; and DIANNE MALLIA,            **FOR ADMISSION, SET ONE**
    Individually,
17                                              Action Filed:  7/16/2020
                    Plaintiffs,
18
            vs.
19
    ASMAN et al,
20
                    Defendants.
21

22  PROPOUNDING PARTY:     Plaintiff DIANNE MALLIA, individually

23  RESPONDING PARTY:      Defendant RALPH DIAZ

24  SET NUMBER:            ONE

25                  **PRELIMINARY STATEMENT**

26      These responses are made solely for the purpose of this action.  Each response is subject

27  to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

28  all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. DIAZ'S RESPONSES TO PL'S REQUEST
FOR ADMISSION, SET ONE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1     requests were asked for, or if any statement contained herein were made by a witness present and

2     testifying in court, all of which objections and grounds are reserved and may be interposed at the

3     time of trial.

4          Responding party is responding to all of the requests to the extent that information has

5     become known to her. However, responding party's discovery, investigation, and preparation for

6     trial of this matter has not been completed as of the date of these responses and, therefore,

7     responding party does not purport to state anything more than information currently known and

8     discovered by her.

9          Responding party reserves the right to continue discovery and investigation in this matter

10    regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11    herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12    are responded to fully and so far as information is currently available to responding party; and

13    responding party is not precluded from presenting at trial information discovered after the date of

14    these responses.

15          This Preliminary Statement is incorporated into each and every response set forth below.

16                                **RESPONSES**

17    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

18          Objection. Defendant is not the duly authorized Custodian of Records and is not authorized

19    to certify the records, pursuant to Federal Rules of Civil Procedure 44. This request is moreover

20    burdensome, oppressive, harassing, vague and ambiguous, including as to time, and not reasonably

21    calculated to lead to the discovery of admissible evidence. Discovery remains ongoing, and

22    Defendant reserves the right to amend or supplement this response as appropriate in the future.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

24          Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

25    not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

26    ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

27    the future.

28    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

2   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

3   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

4   as appropriate in the future.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

6    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

7   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

8   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

9   as appropriate in the future.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

11    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

12   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

13   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

14   the future.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 9 (sic):**

16    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

17   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

18   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

19   as appropriate in the future.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 10 (sic):**

21    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

22   including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

23   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

24   as appropriate in the future.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 11 (sic):**

26    Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

27   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

28   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

I2-4

1    the future.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 12 (sic):**

3         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

4    including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

5    Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

6    as appropriate in the future.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 13 (sic):**

8         Objection. This request is burdensome, oppressive, harassing, vague and ambiguous,

9    including as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

10   Discovery remains ongoing, and Defendant reserves the right to amend or supplement this response

11   as appropriate in the future.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 14 (sic):**

13        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

14   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

15   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

16   the future.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 15 (sic):**

18        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

19   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

20   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

21   the future.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 16 (sic):**

23        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

24   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

25   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

26   the future.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 17 (sic):**

28        Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

I2-5

1   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

2   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

3   the future.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 18 (sic):**

5           Objection. This request is burdensome, oppressive, harassing, vague and ambiguous, and

6   not reasonably calculated to lead to the discovery of admissible evidence. Discovery remains

7   ongoing, and Defendant reserves the right to amend or supplement this response as appropriate in

8   the future.

9   Dated: December 14, 2023              MCNAMARA, AMBACHER, WHEELER,
                                          HIRSIG & GRAY LLP

10

11                                        By: _____*Daniel Mayer*_____

12                                            Peter J. Hirsig
                                             Maria Zhurnalova-Juppunov
13                                           Daniel R. Mayer
                                             Attorneys for Defendants ADAMS, ANDALUZ,
14                                           ASHE, ASMAN, BRANMAN, BRIZENDINE,
                                             BROCKENBOROGH, CEBALLOS, HEATLEY, J.
15                                           JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
                                             RAMKUMAR, REKART, ROBINSON, RUDAS, M.
16                                           SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

Exhibit J

1  THOMAS J. SCHMITZ
   DIANNE MALLIA
2  404 Atkinson St,
   Roseville, CA 95678
3  (707) 694-8158
4  tsfoot49@gmail.com
   deedamallia@gmail.com
5  PRO SE

6                      UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8  **THOMAS SCHMITZ, et al.,**              NO. 2:2020cv00195-DJC-CKD

9
                                  **Plaintiffs,**
10              **vs.**

11 **A ASMAN, et al.,**                      **PLAINTIFF DIANNE MALLIA's**
                                            **REQUESTS FOR PRODUCTION**
12                                          **OF DOCUMENTS TO**
13 **Defendants**.                          **DEFENDANT RALPH DIAZ, SET**
                                            **ONE**
14

15                                          Complaint filed: 1/27/2020
16
                                            Trial date: None Set
17

18

19

20 **PROPOUNDING PARTY:**  Plaintiff Dianne Mallia

21 **RESPONDING PARTY:**   Defendant **RALPH DIAZ**

22 **SET NUMBER:**      ONE

23        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Dianne

24 Mallia hereby requests that Defendant **RALPH DIAZ** produce electronic copies of the documents

25 and things requested herein within 30 days after service of this request, via E-mail to

26 tsfoot49@gmail.com and deedamallia@gmail.com.  Production may also be satisfied by serving

27 by mail to Plaintiff address, 404 Atkinson St, Roseville, CA 95678, legible copies of the items to

28 be produced accompanied by a written affidavit stating that they are true copies no more than

thirty (30) days after service of this Request. If any document is two-sided, a copy of both front and back is required. Any objection or request for extension of items below does not extend the deadline of the other items.

## I.   DEFINITIONS AND SCOPE

### A.   DEFINITIONS

1.     The terms "RESPONDING PARTY," "YOU," or "YOUR" refer to, without limitation, Defendant **RALPH DIAZ**;.

2.     As used herein, "PLAINTIFFS" shall refer to Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually.

3.     The term "DOCUMENT" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes the original and every non-identical copy or reproduction in YOUR possession, custody, or control, and further is used in a broad sense to refer to any tangible object or electronic image or file that contains, conveys, or records information. DOCUMENT has the broadest possible meaning and includes anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  DOCUMENT includes, but is not limited to, all of the following:  papers, COMMUNICATIONS, correspondence, emails, MS Excel files, MS Word files, MS PowerPoint files, text files, text messages, instant messages, postings on internet websites or blogs or social media including Twitter and Facebook, training manuals, employee manuals, policy statements, trade letters, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings and transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, maps, plans, graphs, computer programs, photographs, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, orders, resolutions, agendas, memorials or notes of oral communications (whether by telephone or face-to-face), contracts, agreements,

memoranda of understanding, and letters of intent.  DOCUMENT includes any writings recorded or stored in any medium or location, including desktop computers, laptops, PDAs, cell phones, home computers used for work, calendars, computer tapes, computer drives or memories, computer diskettes or disks, email, CD-ROMs, DVDs, BlackBerrys, iPhones, or other similar handheld devices used to send and receive electronic mail, instant messaging ("IM"), blog or other internet or intranet posting, text messages, Twitter postings, Facebook postings, social media websites, cloud storage services such as DropBox and Google+, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced.  DOCUMENT also includes all notations on any of the foregoing; all originals, file copies or other unique copies of the foregoing; all versions or drafts of the foregoing, whether used or not; and all metadata.

4. "ELECTRONICALLY STORED INFORMATION" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

5. "NATIVE FORMAT" means the format of ESI in the application in which such ESI was originally created.

6. "RELATE" or "RELATING TO" means referring, regarding, describing, referencing, or pertaining, supporting, or refuting, in any manner whatsoever, in whole or in part, directly or indirectly, implicitly or explicitly.

7. "Any" and "All," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

8. "INCLUDING" means "including, but not limited to," and is not to be construed to limit a request.

9. In interpreting these requests, any masculine, feminine or neutral term includes all other genders; the singular includes the plural and vice versa; the words "or," "and" and "and/or," shall be read in the conjunctive and in the disjunctive whenever they appear, and shall be read to bring within the scope of request the broadest amount of information.

**B.     SCOPE**

1.      Requests for production of DOCUMENTS are inclusive of requests for
ELECTRONICALLY STORED INFORMATION.

## II. INSTRUCTIONS

1.      For each item or category, YOUR written response must either state that inspection and
related activities will be permitted as requested, or state an objection to the request, including the
reasons for the objection. An objection to part of a request must specify the part and permit
inspection of the rest. (Fed. R. Civ. P. 34(b)).

2.      Documents shall be produced as they are kept in the usual course of business, or shall be
organized and labeled to correspond with the categories in the request. (Fed. R. Civ. P. 34(b)(i)).

3.      If YOU produce a document that falls within the specifications of more than one
request, please identify each request to which the document responds.

4.      Responsive documents shall be produced without deletion or redaction and include all
notes, cover memoranda, routing slips, appendices, drafts, revisions, attachments and enclosures.

5.      In responding to the following requests, YOU are required to furnish such information
as is under YOUR possession, custody, or control, including but not limited to information in the
possession of YOUR investigators, employees, agents, representatives, guardians, attorneys,
investigators for YOUR attorneys, or any other person or persons acting on YOUR behalf.

6.      If YOU cannot fully produce the documents requested below after exercising due
diligence to secure them, respond and produce the document(s) to the extent possible, specify the
portion of any request for production of documents to which YOU are unable fully to respond,
state the facts upon which YOU base YOUR contention that YOU are unable fully to respond to
such portion, and state any knowledge, information, or belief YOU have concerning such
portion.

7.      If YOU object to the production of any document on the grounds that it is protected
from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege,
YOU are requested to identify each basis on which the document is being withheld and give all
information required by applicable case law, including but not limited to the following:

(a)     The name of the writer, sender, or initiator of each copy of the document

1     (b) The name of the recipient, addressee, or party to whom any copy of the

2        document was sent, or who received any copy of the document;

3     (c) The date of each copy of the document, if any, or if the date is

4  unavailable, an estimate of its date;

5     (d) A statement of the basis for the claim of privilege; and

6     (e) A description of the document sufficient for the Court to rule on the

7  applicability and appropriateness of the claimed privilege.

8    8. If in answering these requests YOU claim any ambiguity in either a request or a

9  definition or instruction applicable thereto, identify in YOUR response the language YOU

10  consider ambiguous and state the interpretation YOU are using in responding.

11    9. If YOU or YOUR attorneys know of the existence, past or present, or any

12  document described in any of these requests, but such document is not presently in YOUR

13  possession, custody, or control or in the possession, custody, or control of YOUR agents,

14  representatives, or attorneys, YOU shall so state in response to the request, identify such

15  document in response to the request, and identify the individual in whose possession, custody, or

16  control the document was last known to reside. If any responsive documents have been

17  destroyed or otherwise removed from YOUR custody or control, please state when, how, and

18  why such document was destroyed or removed from YOUR custody.

19    10. The obligation to provide the documents and things sought by these discovery

20  requests is continuing pursuant to the requirements of Rule 26(e) of the Federal Rules of Civil

21  Procedure.

22       **III. REQUEST FOR PRODUCTION OF DOCUMENTS**

23  **REQUEST FOR PRODUCTION NO. 1:**

24  Any and all documents relevant to any answer to the Requests for Admission, Set One,

25  propounded by Plaintiff Dianne Mallia that does not constitute an unequivocal admission.

26

27  **REQUEST FOR PRODUCTION NO. 2:**

28



Any and all documents relevant to any answer to the INTERROGATORIES, Set One, from
Plaintiff Dianne Mallia.

Dated:  October 7, 2023                              Respectfully Submitted,

                                                     Dianne Mallia

                                                     Dianne Mallia

**J2**

PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
639 Kentucky Street
Fairfield, CA 94533-5530
Telephone: (707) 427-3998
Facsimile:  (707) 427-0268

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ASMAN et al,<br><br>    Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANT RALPH DIAZ'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Action Filed:  7/16/2020 |

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

PROPOUNDING PARTY:    Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:    Defendant RALPH DIAZ

SET NUMBER:        ONE

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each response is subject

to all objections as to competence, relevance, materiality, propriety, and admissibility and any and

all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. DIAZ'S RESPONSES TO PL'S REQUEST
FOR PRODUCTION, SET ONE

1   requests were asked for, or if any statement contained herein were made by a witness present and

2   testifying in court, all of which objections and grounds are reserved and may be interposed at the

3   time of trial.

4         Responding party is responding to all of the requests to the extent that information has

5   become known to her. However, responding party's discovery, investigation, and preparation for

6   trial of this matter has not been completed as of the date of these responses and, therefore,

7   responding party does not purport to state anything more than information currently known and

8   discovered by her.

9         Responding party reserves the right to continue discovery and investigation in this matter

10   regarding facts, witnesses and supporting data. Consequently, to the extent that the requests

11   herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they

12   are responded to fully and so far as information is currently available to responding party; and

13   responding party is not precluded from presenting at trial information discovered after the date of

14   these responses.

15         This Preliminary Statement is incorporated into each and every response set forth below.

16   **RESPONSES**

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

18         Objection. See objections stated in Response to Plaintiff's Requests for Admission and

19   incorporated by reference hereto respectfully. Defendant further objects to the extent this request

20   seeks documents protected by attorney-client privilege and the work production doctrine. This

21   request is further burdensome, oppressive, harassing, vague and ambiguous as to time, and not

22   reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing,

23   and Defendant reserves the right to amend or supplement this response as appropriate in the future.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25         Objection. See objections stated in Response to Plaintiff's Request for Admission and

26   incorporated by reference hereto respectfully. Defendant further objects to the extent this request

27   seeks documents protected by attorney-client privilege and the work production doctrine. This

28   request is further burdensome, oppressive, harassing, vague and ambiguous as to time, and not

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

1    reasonably calculated to lead to the discovery of admissible evidence. Discovery remains ongoing,

2    and Defendant reserves the right to amend or supplement this response as appropriate in the future.

3

4    Dated: December 14, 2023              MCNAMARA, AMBACHER, WHEELER,
                                          HIRSIG & GRAY LLP
5

6                                         By:  _Daniel Mayer_____
7                                              Peter J. Hirsig
                                               Maria Zhurnalova-Juppunov
8                                              Daniel R. Mayer
                                               Attorneys for Defendants ADAMS, ANDALUZ,
9                                              ASHE, ASMAN, BRANMAN, BRIZENDINE,
                                               BROCKENBOROGH, CEBALLOS, HEATLEY, J.
10                                             JOHNSON, R. JOHNSON, LEIDNER, PONCIANO,
                                               RAMKUMAR, REKART, ROBINSON, RUDAS, M.
11                                             SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268



 **Gmail**                                                      **Dianne Mallia <deedamallia@gmail.com>**

---

## Re: Discovery requests

---

**Dianne Mallia** <deedamallia@gmail.com>                                   Wed, Nov 22, 2023 at 10:28 AM
To: Daniel Mayer <daniel.mayer@mcnamaralaw.com>
Cc: Heather Permison <heather.permison@mcnamaralaw.com>, Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>,
Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>, Maureen E. Lechwar
<Maureen.Lechwar@mcnamaralaw.com>, Nicholas R. Newman <Nicholas.Newman@mcnamaralaw.com>, Peter Hirsig
<peter.hirsig@mcnamaralaw.com>, Tami Martin <tami.martin@mcnamaralaw.com>, Tom JOSEPH schmitz
<tsfoot49@gmail.com>

Good Morning Mr. Mayer,
I am sorry to hear of your father. We are accepting a two week longer extension.
Dianne Mallia

On Mon, Nov 20, 2023 at 12:15 PM Daniel Mayer <daniel.mayer@mcnamaralaw.com> wrote:

> Dear Ms. Mallia,
>
> Thank you very much again for your consideration and patience regarding the below. I
> understand that you may be reluctant to grant further extensions, but unfortunately it happens
> that my dad collapsed yesterday and is presently in the hospital. He's fine, fortunately, but I
> may be needed urgently in the near future, by him or by my mom. I would like to request
> another month on this discovery if you can do it. If not, two weeks would be great as well.
> Thanks very much for your consideration. Have a great Thanksgiving.
>
> **Daniel R. Mayer**
> **Associate**
>
> 
>
> 639 Kentucky Street
> Fairfield, CA 94533
> 707.427.3998
> 707.427.0268 Fax
> www.mcnamaralaw.com
>
>
> vCard
>
> ---
>
> This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified
> above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this
> communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the
> communication and destroy all copies.

K2

**From:** Dianne Mallia <deedamallia@gmail.com>

**Sent:** Saturday, October 28, 2023 8:00 AM

**To:** Daniel Mayer <daniel.mayer@mcnamaralaw.com>

**Cc:** Heather Permison <heather.permison@mcnamaralaw.com>; Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>; Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>; Maureen E. Lechwar <MLechwar@mcnamaralaw.com>; Nicholas R. Newman <Nicholas.Newman@mcnamaralaw.com>; Peter Hirsig <peter.hirsig@mcnamaralaw.com>; Tami Martin <tami.martin@mcnamaralaw.com>; Tom JOSEPH schmitz <tsfoot49@gmail.com>

**Subject:** Re: Discovery requests

> **CAUTION: [External E-Mail] - DO NOT** click on links or open attachments unless you recognize the **source** of the email AND know the content is safe. **ALWAYS VERIFY** the source of **unexpected or suspicious** emails before opening.

Dear Mr. Mayer,

I am sorry to hear of your illness. This is the first we have heard of your illness as the reason for the extension. As it is a "bulletproof" reason for an extension, we certainly should extend rather than waste the courts time.  Even if it was not bulletproof, we would extend based on the new knowledge of your illness. I hope you fully recover soon.

We believe we have behaved in a professional and courteous manner despite this being very emotional for us dealing with a system that we feel lead to the death of our son.

Our concern with the deadlines is the upcoming deadline for discovery and the continuing delays in responses or slow production of documents. We are also concerned when our diligence in seeking discovery is questioned and any goodwill in us extending deadlines is used against us.

Sincerely,
Dianne Mallia

On Fri, Oct 27, 2023 at 1:28 PM Daniel Mayer <daniel.mayer@mcnamaralaw.com> wrote:

Dear Ms. Mallia:

Thank you for the response. I haven't fully reviewed the emails between yourself and Maria on this topic, but I do know that I asked her to take the lead on securing an extension due to my illness. I am recovering, but am still ill. I have not been truly ill in several years, and this last week has not been enjoyable. I was therefore dismayed to find that you have not extended the courtesy of an extension. I understand that you are not a legal professional, and are therefore not necessarily held to the same standards as myself or Maria in terms of work product. However, you are representing yourself, and in this capacity do have an obligation to behave in a professional and courteous manner. We have discussed this before, but between professionals, courtesies are not merely expected and appropriate, they are due.

Because of your decision not to extend a courtesy, you have placed us in a position of being forced to make an *ex parte* application for a protective order. Please allow this email to serve as our attempt to meet-and-confer on this subject. Your refusal to grant a courtesy in this regard, and in respect to your discovery requests, imposes on us "annoyance, embarrassment, oppression, or undue burden or expense," which are grounds for a

**K3**

protective order. (*See*, FRCP 26(C).) You may or may not be aware of this, but illness is one of a very small number of extenuating circumstances which are 'bulletproof.' That is to say, the Court will almost certainly grant our protective order as a matter of course, and will likely not be pleased that its time is being spent ruling on courtesies, or the lack thereof.

I urge you to grant our reasonable request for an extension forthwith, or we will be forced to file on Monday.

Thanks very much.

**Daniel R. Mayer**
**Associate**



639 Kentucky Street
Fairfield, CA 94533
707.427.3998
707.427.0268 Fax
www.mcnamaralaw.com

vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**From:** Dianne Mallia <deedamallia@gmail.com>
**Sent:** Thursday, October 26, 2023 7:11 PM
**To:** Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>
**Cc:** Tom JOSEPH schmitz <tsfoot49@gmail.com>; Peter Hirsig <peter.hirsig@mcnamaralaw.com>; Daniel Mayer <daniel.mayer@mcnamaralaw.com>; Nicholas R. Newman

<Nicholas.Newman@mcnamaralaw.com>; Tami Martin <tami.martin@mcnamaralaw.com>; Heather Permison <heather.permison@mcnamaralaw.com>; Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>; Maureen E. Lechwar <MLechwar@mcnamaralaw.com>
**Subject:** Re: Discovery requests

> **CAUTION: [External E-Mail] - DO NOT** click on links or open attachments unless you recognize the **source** of the email AND know the content is safe. **ALWAYS VERIFY** the source of **unexpected or suspicious** emails before opening.

Good Evening Ms. Zhurnalova-Juppunov,
We are not agreeable to an extension.
Sincerely,
Dianne Mallia

On Thu, Oct 26, 2023 at 8:12 AM Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com> wrote:

> Good morning Ms. Mallia,
>
> Our office is working on the latest set of discovery served on October 7, 2023 , but would need some additional time to complete due to the number of written discovery requests propounded.
>
> Can you please advise if you are agreeable to grant an extension until December 1, 2023 for defendants' responses to:
>
> 1.   Plaintiff Malila's discovery set to defendant  Ralph Diaz (RFP #1; RFA#1, IR#1);
>
> 2.    Plaintiff Malila's discovery set to defendant  Diana Toche (RFP #1; RFA#1, IR#1)
>
> 3.   Plaintiff Malila's discovery set to defendant  Katherine Tebrock (RFP #1; RFA#1, IR#1)
>
> 4.   Plaintiff Malila's discovery set to defendant  Rebecca Robinson (RFP #1; RFA#1, IR#1)
>
> 5.   Plaintiff Malila's discovery set to defendant  David Leidner (RFP #1; RFA#1, IR#1)
>
> 6.   Plaintiff Malila's discovery set to defendant  John Rekart (RFP #1; RFA#1, IR#1)
>
>
> Thank you.
>
> Sincerely yours,
>
> Maria
>
> **Maria Zhurnalova-Juppunov**
>
> **Associate**
>
> McNamara, Ambacher, Wheeler, Hirsig & Gray LLP

**KS**

3480 Buskirk Avenue, Suite 250

Pleasant Hill, CA 94523

925.939.5330

925.939.0203 Fax

www.mcnamaralaw.com

_____

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

---

**From:** Dianne Mallia <deedamallia@gmail.com>
**Sent:** Saturday, October 7, 2023 4:01 PM
**To:** Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>; Peter Hirsig <peter.hirsig@mcnamaralaw.com>; Daniel Mayer <daniel.mayer@mcnamaralaw.com>; Heather Permison <heather.permison@mcnamaralaw.com>; Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>; tcs@lmblaw.net; jc@lmblaw.net; bes@lmblaw.net; jennifer.nygaard@doj.ca.gov; jay.goldman@doj.ca.gov; lucille.santos@doj.ca.gov; michael@beesonterhorst.com; Jeff@beesonterhorst.com; mercedes@beesonterhorst.com
**Cc:** Tom JOSEPH schmitz <tsfoot49@gmail.com>
**Subject:** Discovery amended responses and requests

CAUTION: [External E-Mail] - **DO NOT** click on links or open attachments unless you recognize the **source** of the email AND know the content is safe. **ALWAYS VERIFY** the source of **unexpected or suspicious** emails before opening.

Good Afternoon,

Please see attached.

Dianne Mallia

.

 Gmail

Dianne Mallia <deedamallia@gmail.com>

---

## Re: Schmitz v. Asman

**Dianne Mallia** <deedamallia@gmail.com>                                      Tue, Feb 6 at 7:28 PM
To: Daniel Mayer <daniel.mayer@mcnamaralaw.com>
Cc: Heather Permison <heather.permison@mcnamaralaw.com>, Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>,
Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>, Nicholas R. Newman
<Nicholas.Newman@mcnamaralaw.com>, Peter Hirsig <peter.hirsig@mcnamaralaw.com>, Tami Martin
<tami.martin@mcnamaralaw.com>, tsfoot49@gmail.com <tsfoot49@gmail.com>

Mr. Mayer,

When I read the court order (ECF 286) seems very firm that the deadline is May 17, 2024 to complete discovery
including depositions.  There is no way we are going to meet those deadlines with the continued delays in discovery
responses.  I appreciate that you likely know better and don't seem too worry about it, but we are the ones that are
going to suffer if discovery is not completed to the full extent. I guess I will file with the court a motion when I get
through all the other stuff since you won't agree to stipulate to an extension.  Please at least read the order so you know
what the Judge has said in this case.
Thank you,
Dianne Mallia

On Tue, Feb 6, 2024 at 4:44 PM Daniel Mayer <daniel.mayer@mcnamaralaw.com> wrote:

I appreciate that, and understand the concern. But (and for what it's worth coming from me)
I'm not super sure we need to be worried about a cutoff in May right now. And while I wouldn't
want to (right now at least) commit to doing anything beyond the cut-off strictly speaking, or
agreeing to stipulate to an extension of the cut-off, this whole process is called meeting-and-
conferring, and (past a certain point we crossed a while ago), it's all voluntary, and technically
any further responses we provide without a court order are as well. The cut-off, and I'm not
familiar off the top of my head with all of the relevant cut-offs in this case, is more about
getting court orders. In short, I think we could probably table that particular aspect for right
now. Of course, you might have a different opinion and of course you can come to your own
conclusions.

I think, in any event, we're just going to be doing our utmost to get you those responses in as
timely a fashion as possible. If you ever become seriously concerned about one or another,
we could certainly try to prioritize and help you out. If you ever become truly impatient, then of
course you have the option of filing motions.

Let me know your thoughts. Thanks very much.

**Daniel R. Mayer**
**Associate**


639 Kentucky Street



Fairfield, CA 94533
707.427.3998
707.427.0268 Fax
www.mcnamaralaw.com

vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**From:** Dianne Mallia <deedamallia@gmail.com>
**Sent:** Friday, February 2, 2024 3:04 PM
**To:** Daniel Mayer <daniel.mayer@mcnamaralaw.com>
**Cc:** Heather Permison <heather.permison@mcnamaralaw.com>; Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>; Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>; Nicholas R. Newman <Nicholas.Newman@mcnamaralaw.com>; Peter Hirsig <peter.hirsig@mcnamaralaw.com>; Tami Martin <tami.martin@mcnamaralaw.com>; tsfoot49@gmail.com <tsfoot49@gmail.com>
**Subject:** Re: Schmitz v. Asman

> **CAUTION: [External E-Mail] - DO NOT** click on links or open attachments unless you recognize the **source** of the email AND know the content is safe. **ALWAYS VERIFY** the source of **unexpected or suspicious** emails before opening.

Dear Mr. Mayer,
Thank you for responding. I am concerned if we grant you even more additional time that we are going to run out of time to complete discovery before the May deadline given by the Court. Certainly I expect that the amended answers will still contain at least some objections or responses that we will not agree are sufficient which will again require meet and confer and then motion work which takes several months.

As much as I hate to delay longer, we would be willing to grant a one month delay in response if the Court will allow another six month delay on completion of fact discovery so we don't run out of time to challenge and request further discovery if necessary based on the responses. If you want to draft a stipulation requesting the delay from the Court we will sign. Of course the other parties will also need to agree.

Sincerely,
Dianne Mallia

On Fri, Feb 2, 2024 at 2:25 PM Daniel Mayer <daniel.mayer@mcnamaralaw.com> wrote:
> Dear Ms. Mallia,
>
> I understand that you have graciously granted us some additional time on that discovery that we were compelled to respond to with objections some time ago. We greatly appreciate your

patience in this regard, but unfortunately it does not look like our responses will be complete by the present deadline, which is Monday.

In this regard, our office has, generally speaking, been deeply involved in trial and trial preparation for the past couple of months, and especially in January, which has limited (in particular) my ability to work on this discovery.

It appears that we will have substantive responses for Ralph Diaz some time next week, and since Dr. Leidner is being dismissed, his discovery (I believe) will not longer be needed. The others, unfortunately, will not be ready. I'm sure you understand that, considering the number of defendants on whose behalf we are required to respond makes discovery like this a challenging task. Of course, and without waiving any objections, we have no desire to deprive you of discovery and would love to provide you with substantive responses and generally move on from this chapter of the case, but it simply has not been feasible.

Please advise if you are willing to provide a further extension, and if so, for how long.

Thank you very much.

**Daniel R. Mayer**
**Associate**

639 Kentucky Street
Fairfield, CA 94533
707.427.3998
707.427.0268 Fax
www.mcnamaralaw.com

vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

 Gmail

**Dianne Mallia <deedamallia@gmail.com>**

---

## Re: Schmitz v. Asman

---

**Dianne Mallia** <deedamallia@gmail.com>                                                    Thu, Feb 1 at 5:39 PM
To: Daniel Mayer <daniel.mayer@mcnamaralaw.com>
Cc: Heather Permison <heather.permison@mcnamaralaw.com>, Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>,
Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>, Nicholas R. Newman
<Nicholas.Newman@mcnamaralaw.com>, Peter Hirsig <peter.hirsig@mcnamaralaw.com>, Tami Martin
<tami.martin@mcnamaralaw.com>, tsfoot49@gmail.com <tsfoot49@gmail.com>

Good Afternoon,
We do not believe we have received a response regarding these pending amended responses.  If we do not have these
amended responses by February 5 we will file a motion with the Court to rule on the objections and determine
sufficiency of the objections.
Sincerely,
Dianne Mallia

On Mon, Jan 22, 2024 at 8:00 AM Dianne Mallia <deedamallia@gmail.com> wrote:
Good Morning Mr. Mayer or Ms. Zhurnalova-Juppunov,
I am not sure how your firm is breaking up the work but it seems Mr. Mayer was working on these?  I don't think we
have received the amended responses. My understanding was you could provide compliant responses by 1/15.
Please provide by 1/28/2024,to avoid unnecessary motion practice.
Thank you,
Dianne Mallia.

On Tue, Dec 26, 2023 at 8:00 AM Dianne Mallia <deedamallia@gmail.com> wrote:
Good Morning Mr. Mayer,

This is in response to various Defendants responses  to the following:

PLAINTIFF DIANNE MALLIA'S REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT RALPH DIAZ, SET ONE

PLAINTIFF DIANNE MALLIA'S REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT DIANA TOCHE, SET ONE

PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT Diana TOCHE, SET ONE

PLAINTIFF DIANNE MALLIA's REQUESTS FOR ADMISSION, SET
ONE TO DEFENDANT RALPH DIAZ

PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
DIANA TOCHE, SET ONE

PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
RALPH DIAZ, SET ONE

PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT DAVID LEIDNER , SET ONE

PLAINTIFF DIANNE MALLIA's Request For Admissions TO
DEFENDANT JOHN REKART, SET ONE

PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
DAVID LEIDNER, SET ONE

PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT
JOHN REKART, SET ONE

PLAINTIFF DIANNE MALLIA'S REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT JOHN REKART , SET ONE

As you informed us prior to providing the responses,  these are all composed solely of objections.  We are sending  this email as a formal record of our belief that they are all inadequate responses.  As you seemed to acknowledge prior to sending them that they would be like this due to a lack of time to adequately prepare them, we will not go through each individual one to point out the deficiency. Please provide fully compliant responses by January 15th, 2024 to avoid unnecessary motion practice.

Thank you,

Dianne Mallia

On Thu, Dec 14, 2023 at 1:47 PM Daniel Mayer <daniel.mayer@mcnamaralaw.com> wrote:

Understood. Thanks.

**Daniel R. Mayer**
**Associate**



639 Kentucky Street
Fairfield, CA 94533
707.427.3998
707.427.0268 Fax
www.mcnamaralaw.com

vCard

_____

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**From:** Dianne Mallia <deedamallia@gmail.com>
**Sent:** Thursday, December 14, 2023 1:36 PM
**To:** Daniel Mayer <daniel.mayer@mcnamaralaw.com>
**Cc:** Heather Permison <heather.permison@mcnamaralaw.com>; Liesl Swartwood <liesl.swartwood@mcnamaralaw.com>; Maria Zhurnalova-Juppunov <maria.zhurnalova-juppunov@mcnamaralaw.com>; Nicholas R. Newman <Nicholas.Newman@mcnamaralaw.com>; Peter Hirsig <peter.hirsig@mcnamaralaw.com>; Tami Martin <tami.martin@mcnamaralaw.com>; tsfoot49@gmail.com <tsfoot49@gmail.com>

**Subject:** Re: Schmitz v. Asman

> **CAUTION: [External E-Mail] - DO NOT** click on links or open attachments unless you recognize the **source** of the email AND know the content is safe. **ALWAYS VERIFY** the source of **unexpected or suspicious** emails before opening.

Dear Mr. Mayer,
We have agreed several times to extensions and do not agree to extend again at this time. We understand the response la of some will be solely objections.

Sincerely,
Dianne Mallia

On Thu, Dec 14, 2023 at 12:20 PM Daniel Mayer <daniel.mayer@mcnamaralaw.com> wrote:

> Dear Ms. Mallia,
>
> We are prepared to provide responses to your recent discovery today on behalf of Robinson and Tebrock, which we will do one way or another. Unfortunately, the remainder, Rekart, Leidner, Toche, and Diaz, are not finished, despite our very best efforts.
>
> We would request an extension of one additional month, considering the holiday, on these to January 15, 2023. If you are unable to grant the extension, we will need to respond to discovery with objections only, for the time being, with the understanding that we will be completing them as soon as practicable and amending/supplementing at the appropriate time.
>
> Please advise. Thank you very much.
>
> **Daniel R. Mayer**
> **Associate**
>
> 
>
> 639 Kentucky Street
> Fairfield, CA 94533
> 707.427.3998
> 707.427.0268 Fax
> www.mcnamaralaw.com

*Exhibit N*

THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St,
Roseville, CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THOMAS SCHMITZ, et al.,** | **NO. 2:20-cv00195-DJC-CKD** |
| **Plaintiffs,** | |
| **vs.** | **DECLARATION OF DIANNE** |
| **A ASMAN, et al.,** | **MALLIA IN SUPPORT OF PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF DISCOVERY RESPONSES** |
| **Defendants.** | |
| | **COMPLAINT FILED: 1/27/2020** |
| | **DATE: 3/20/2024** |
| | **COURTROOM: 24** |
| | **TRIAL DATE: TBD** |
| | **JUDGE ASSIGNED: Honorable Carolyn K. Delaney** |

I, Dianne Mallia, declare:

1.  Exhibit A is a true and correct copy of the certificate of service I served electronically on October 7, 2023

1

N 2

2. Exhibit B is a true and correct copy of PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT DIANA TOCHE, SET ONE served on October 7, 2023 and Defendant DIANA TOCHE's responses to Plaintiff special interrogatories , set one received on December 14 2023.

3. Exhibit C is a true and correct copy of PLAINTIFF DIANNE MALLIA's I Request for Admission TO DEFENDANT DIANA TOCHE, SET ONE served on October 7, 2023 and Defendant DIANA TOCHE's responses to Plaintiff Request for Admission , set one received on December 14 2023.

4. Exhibit D is a true and correct copy of PLAINTIFF DIANNE MALLIA's I Request for Production TO DEFENDANT DIANA TOCHE, SET ONE served on October 7, 2023 and Defendant DIANA TOCHE's responses to Plaintiff Request for Production , set one received on December 14 2023

5. Exhibit E is a true and correct copy of PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT JOHN REKART, SET ONE served on October 7, 2023 and Defendant JOHN REKART's responses to Plaintiff special interrogatories , set one received on December 14 2023.

6. Exhibit F is a true and correct copy of PLAINTIFF DIANNE MALLIA's Request for Admission TO DEFENDANT JOHN REKART, SET ONE served on October 7, 2023 and Defendant JOHN REKART,'s responses to Plaintiff Request for Admission , set one received on December 14 2023.

7. Exhibit G is a true and correct copy of PLAINTIFF DIANNE MALLIA's Request for Production TO DEFENDANT JOHN REKART, SET ONE served on October 7, 2023 and Defendant JOHN REKART,'s responses to Plaintiff Request for Production, set one received on December 14 2023.

8. Exhibit H is a true and correct copy PLAINTIFF DIANNE MALLIA's INTERROGATORIES TO DEFENDANT RALPH DIAZ, SET ONE served on

2

October 7, 2023 and  Defendant RALPH DIAZ's responses to Plaintiff  special interrogatories , set one received on December 14 2023.

9.  Exhibit I is a true and correct copy of  PLAINTIFF DIANNE MALLIA's Request for Admission TO DEFENDANT RALPH DIAZ, SET ONE served on October 7, 2023 and  Defendant RALPH DIAZ's responses to Plaintiff  Request for Admission , set one received on December 14 2023.

10. Exhibit J  is a true and correct copy of  PLAINTIFF DIANNE MALLIA's Request for Production TO DEFENDANT RALPH DIAZ SET ONE served on October 7, 2023 and Defendant RALPH DIAZ's responses to Plaintiff  Request for Production, set one received on December 14 2023.

11. Exhibit K is a true and correct copy of multiple Email communications  I received or sent as dated within the exhibit.

12. Exhibit L is a true and correct copy of multiple Email communications  I received or sent as dated within the exhibit.

13. Exhibit M is a true and correct copy of multiple Email communications  I received or sent as dated within the exhibit.

14.  Exhibit N is this Declaration.

I declare under penalty of perjury under the laws of this Court and the State of California that the foregoing is true and correct. This Declaration was executed on the  21st of February 2024, in Roseville, California.

Dianne Mallia

Dianne Mallia

3